[No. 90-40047-1.     Division One.     February 2, 1970.]
Panel 1

BLANCHE L. FURGASON, *Respondent,* v. IVAL R. FURGASON, *Appellant.*

*Jack Steinberg,* for appellant.

*Delay & Curran* and *Neil E. Johnson,* for respondent.

FARRIS, J.—On November 18, 1965, when the divorce decree was entered, the appellant husband was delinquent in his payments to the respondent wife for the support of his minor children in the sum of $950. On September 18, 1967, an order was entered by the Superior Court granting judgment for the plaintiff in the sum of $1,090 which included the $950 delinquency and an additional $140 which had become due after entry of the decree of divorce. The defendant appealed from that judgment.

The question is whether delinquent support payments, which accrued under an order for temporary support, are enforceable after entry of the final decree of divorce when that decree makes no reference to the delinquent payments. The question has been resolved in different ways by different jurisdictions. See 154 A.L.R. 530 (1945).

A decree of divorce is the final adjudication of the rights and obligations of the parties, one to the other. It determines all rights and obligation concerning matters in existence during coverture. A temporary order for support is an incidental order, intended to facilitate the conduct of the suit.

This court was presented with the question of delinquent temporary support at the time of the entry of the divorce decree in *Wagner v. Wagner,* 1 Wn. App. 328, 332, 461 P.2d 577 (1969):

> Assuming the sum was established as owing, which is questionable in this case, the presumption is that all the rights of the parties were determined in the divorce decree and it is further presumed the matter was taken into consideration by the court in the distribution of the property. *Schultz v. Christopher,* 65 Wash. 496, 501, 118 P. 629, 38 L.R.A. (n.s.) (1911).

This result is consistent with what we believe to be the better view. The New Jersey court was presented with a similar question in *Lief v. Lief,* 14 N.J. Misc. 27, 29, 178 A. 762 (1935). It concluded:

> Every preceding order in the suit is terminated upon entry of the final decree unless there be an express reservation. It must be assumed that the decree settles and disposes of the whole controversy between the parties and of everything incidental or ancillary thereto. [Citing cases.]

Although an order for temporary support is a final judgment within the meaning of the law, *State ex rel. Surry v. Superior Court,* 74 Wash. 689, 134 P. 178 (1913); *Yoder v. Yoder,* 105 Wash. 491, 178 P. 474, 3 A.L.R. 1104 (1919), a final judgment is not necessarily the last one in an action. Allowances for temporary support are made pendente lite.

The order granting them necessarily becomes ineffective upon the termination of the action and the statutory remedies provided for the enforcement of those orders are no longer available.

The plaintiff could have preserved her right to recover the $950 delinquent payment by bringing the matter to the attention of the trial court prior to the entry of the divorce decree. The court could have then taken the question into consideration in distributing the property of the parties and fixing the future obligation for support.

The judgment of the trial court is reduced by $950. Neither party shall recover costs.

JAMES, C. J., and SWANSON, J., concur.