[No. 3535–2–III.   Division Three.   September 23, 1980.]

*In the Matter of the Marriage of* CAROL F. STOUT,
*Plaintiff, and* HERBERT E. STOUT, *Respondent,*
DEPARTMENT OF SOCIAL AND HEALTH
SERVICES, *Appellant.*

*Slade Gorton, Attorney General,* and *Jeffrey D. Stier, Assistant,* for appellant.

ROE, J.—The Department of Social and Health Services (DSHS) appeals the dismissal of its application to modify the dissolution decree of Carol and Herbert Stout, inasmuch as that decree failed to contain a judgment for past due support.[1]

The pertinent facts may be summarized as follows:

In November of 1977, Carol was awarded the temporary care and custody of the parties' minor children and Herbert was ordered to pay $150 per month temporary support. Carol, finding herself in an impecunious condition, applied for and received Aid to Families with Dependent Children (AFDC) during the pendency of the dissolution proceeding. As a condition precedent to the receipt of AFDC, Carol executed an assignment and a limited power of attorney in favor of DSHS to receive, and if need be, to collect from Herbert the court–ordered temporary support. On June 2, 1978, DSHS filed in the Stout dissolution proceeding a notice that it had a subrogation interest in the temporary support. During the pendency of the dissolution, Herbert made payments to DSHS in the amount of $650. In November of 1978, the trial court, without notice to DSHS, entered a decree of dissolution which failed to include a judgment for past due temporary support. In March 1979, DSHS moved to modify the decree so as to provide judgment for accrued temporary support. Apparently on its own motion, the trial court dismissed the application, holding that the application failed to state a claim upon which relief could be granted because (a) finding of fact No. 15

---

[1]It is interesting to note that the findings of fact provided for $100 per month toward the support of the children; however, the decree was silent in that regard. This deficiency was remedied by a nunc pro tunc modification order which is not on appeal.

made Herbert liable for all obligations incurred by him from the date of the parties' separation, and (b) the present decree would not preclude DSHS from enforcing its right as an independent general creditor.

- ■ Herbert has not appeared or filed a responsive brief in this court. As a result, our inquiry is directed to whether DSHS has made a prima facie showing of error. If it has made such a showing, we will vacate the dismissal and remand the matter for further proceedings. *Lizotte v. Lizotte,* 15 Wn. App. 622, 625, 551 P.2d 137 (1976).

■ The case of *Furgason v. Furgason,* 1 Wn. App. 859, 465 P.2d 187 (1970), holds that accrued delinquent temporary payments are not collectible after entry of a final decree of dissolution unless provided for therein. RCW 74.20A.030 provides that when there is a superior court order establishing the amount of support, DSHS is limited to collecting the amount provided for by the order. These two propositions when read in conjunction bar DSHS from proceeding against Herbert notwithstanding the theory urged by the trial court in the denial of DSHS' application. However, a third element must be considered. In *Lizotte v. Lizotte, supra,* we held that when the debtor parent has notice of DSHS' subrogation interest and DSHS is not given notice that the trial court is going to enter an order affecting that interest, the action of the trial court is ineffective to defeat or extinguish the interest of DSHS. As a result, the trial court should have entertained DSHS' application to change the decree and granted the request for relief, unless Herbert was able to establish a valid defense, *e.g.,* payment.

In light of the foregoing, DSHS has made a prima facie showing of error. Hence, the order dismissing DSHS' appli-

cation is vacated, and the matter is remanded to the trial court.

McINTURFF, A.C.J., and MUNSON, J., concur.