[No. 4066–6–III.   Division Three.   June 25, 1981.]

*In the Matter of the Marriage of* ROSELEE H. THACH, *Respondent, and* WILLIAM L. THACH, *Appellant.*

*Donald Hackney,* for appellant.

*Byron G. Powell* and *Wallace & Powell,* for respondent.

Roe, J.—William and Roselee Thach's 15½–year marriage failed by December 12, 1978. At that time Mr. Thach signed a property settlement, custody and support agreement prepared by Mrs. Thach's attorney. Terms included child support for their two children and maintenance payments of $120 per month to Mrs. Thach, "to assist Roselee in completing her college education and obtaining gainful employment." Maintenance payments were limited to 30 months; no reference was made to a possible remarriage. On November 30, 1979, a decree of dissolution was entered.

Mrs. Thach was awarded custody and support of $140 per month per child. Maintenance of $120 per month "to assist the petitioner in completing her college education" was awarded for 30 months retroactive to December 31, 1978. No provision was included in the decree in reference to possible remarriage of the wife or its effect on her right to receive maintenance payments. The property settlement, custody and support agreement was not specifically incorporated into the decree. Mrs. Thach and her children moved to Minnesota and she remarried within 1 month after entry of the decree.

In May of 1980, Mr. Thach was ordered to show cause regarding both delinquent child support and maintenance payments which accrued before entry of the decree. In June of 1980, judgment was entered for both the delinquent support and maintenance. The court refused to terminate the maintenance even though Mrs. Thach, now Weatherly, remarried. From this judgment Mr. Thach appeals. We reverse in part.

The maintenance payments should have terminated upon remarriage of the recipient. The controlling statute is RCW 26.09.170, which reads in part:

> Unless otherwise agreed in writing or expressly provided in the decree the obligation to pay future maintenance is terminated upon . . . the remarriage of the party receiving maintenance.

In *In re Marriage of Melville*, 11 Wn. App. 879, 526 P.2d 1228 (1974), we held the husband's maintenance obligation of $100 per month for 12 months was terminated if the wife remarried prior to the expiration of the period. There was no specific provision in the Melville decree for continuation of the alimony beyond the remarriage of the recipient.

In order for the continuation of maintenance under the statute, there must be an express provision as to the effect of remarriage, either in the decree or in a separate written property agreement.

The clause in the property settlement, custody and sup-

port agreement is silent as to the effect of remarriage on the maintenance provision and thus by statute maintenance is terminated.

The arrearages which accrued before entry of the decree of dissolution are recoverable for the support of the children. The decree of dissolution specifically sets out the terms of custody, support and visitation as required by RCW 26.09.060. Paragraph 3 of the decree as to child support states in part: "Payments herein are to start December 31, *1978,* [retroactive] and continue to be paid on the last day of each month thereafter . . ." (Italics ours.) Contrary to the argument of Mr. Thach, the cases dealing with arrearages, *In re Marriage of Stout,* 27 Wn. App. 306, 617 P.2d 461 (1980); *Furgason v. Furgason,* 1 Wn. App. 859, 465 P.2d 187 (1970); and *Wagner v. Wagner,* 1 Wn. App. 328, 461 P.2d 577 (1969), are distinguishable as they all dealt with *temporary orders* of the court as to support and maintenance. RCW 26.09.060(5)(c) provides for termination of temporary orders when the final decree is entered. Here, however, we do not have a temporary order, but a contract (separation agreement) between the parties. Additionally, the decree provided for retroactive support from which there was no appeal.

The trial court had requisite jurisdiction over the parties to decide questions of custody, visitation and support. It set the terms in the decree. It set them from the time of the signing of the property settlement, custody and support agreement. The support of his children is a duty owed by Mr. Thach. He cannot avoid the support provisions of his separation agreement contract.

As to the arrearages for maintenance: if the maintenance payments were solely for furtherance of college education, and Mrs. (Thach) Weatherly did not attend college, then she is not entitled to any payments under the contract or the decree. If she did attend college, she would receive maintenance under the terms of the contract and the decree for the times attended prior to remarriage.

We therefore affirm the judgment as to child support and

remand for a determination consistent with this opinion of a maintenance award, if any. Costs to abide the result in the trial court.

McINTURFF, C.J., and GREEN, J., concur.