[No. 9069–8–III.    Division Three.    November 29, 1988.]

*In the Matter of the Marriage of* SHARON V. RUFENER, *Appellant,* v. GARY E. RUFENER, *Respondent.*

*Kenneth D. Colvin* and *Thomas Prediletto,* for appellant.

*Van Noy Culpepper* and *Culpepper & Culpepper,* for respondent.

THOMPSON, C.J.—The former Sharon V. Rufener appeals a ruling that the maintenance obligation of her former husband, Gary E. Rufener, terminated upon her remarriage. We affirm.

The Rufeners executed a separation agreement on June 6, 1986. A clause of the contract provided:

Maintenance to Wife

Husband agrees to pay to Wife for her maintenance, each and every month, for fifty (50) consecutive months beginning May 20, 1986, the sum of $1,100.00 per month payable one–half on the 5th of each month and one–half on the 20th of each month; provided, however, that Husband's obligation to pay the maintenance in said amount shall cease upon the death of Wife. Further there shall be no liability upon the husband to make any payment in cash or property as the substitute for such payments in the event of the death of Wife. Pursuant to Laws of 1973, First Extraordinary Session, Chap. 157, § 7(7) [codified at former RCW 26.09.070(7)], the terms of maintenance set forth in this agreement may not be modified in any manner without the written consent of both parties. In

no event shall any court have jurisdiction to modify the maintenance provision.

A dissolution decree, dated September 15, 1986, fully incorporated the maintenance provision. The former Mrs. Rufener remarried on April 26, 1987, and her name now is Butler.

On October 15, 1987, Ms. Butler moved to modify the decree to require Mr. Rufener to pay maintenance through the court, alleging payments had been late and sporadic. Mr. Rufener responded with a motion for declaration of noncontempt, contending Ms. Butler's remarriage terminated his maintenance obligation. The court granted Mr. Rufener's motion, and awarded him $1,000 in attorney fees.

The sole issue is whether the spousal maintenance provision terminated upon Ms. Butler's remarriage. Former RCW 26.09.170[1] provided in relevant part:

> Unless otherwise agreed in writing or expressly provided in the decree the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.

■ ■ To avoid this statute's effect, a separation agreement or decree of dissolution must mention specifically:

> (1) the event of remarriage of the party receiving alimony/maintenance (or the death of either party), and (2) the effect that event would have on the alimony/maintenance obligation. Merely awarding "permanent alimony/maintenance" is insufficient to fulfill the requirement of specific or manifestly clear and unmistakable language.

*In re Marriage of Mason*, 40 Wn. App. 450, 457, 698 P.2d 1104, *review denied*, 104 Wn.2d 1017 (1985); *see In re Marriage of Thach*, 29 Wn. App. 672, 674–75, 630 P.2d 487 (1981). Here, both the separation agreement and the decree are silent as to the effect of remarriage. Therefore, the obligation to pay future maintenance was terminated by statute.

---

[1] The statute has been amended by Laws of 1987, ch. 430, § 1. A provision identical to the quoted portion now is contained in RCW 26.09.170(2).

Ms. Butler offers two arguments why the termination provision should not apply. First, she contends, the contractual provision, by identifying the wife's death as the event terminating the maintenance obligation, impliedly requires payments to continue in all other circumstances. This argument ignores the statutory requirements articulated in *Mason,* and invites the court to speculate about the parties' reasons for including the death provision.[2] Parties are presumed to contract with reference to existing statutes, and a statute which affects the subject matter of a contract is incorporated into and becomes part of that contract. Here, if the parties had wished to avoid application of RCW 26.09.170, they should have expressly so provided. *See Wagner v. Wagner,* 95 Wn.2d 94, 98–99, 621 P.2d 1279 (1980).

Second, Ms. Butler argues the case is controlled, not by former RCW 26.09.170, but by former RCW 26.09.070(7),[3] which provided in relevant part:

(7) When the separation contract so provides, the decree may expressly preclude or limit modification of any provision for maintenance set forth in the decree.

■ Ms. Butler contends that the statutory provisions are mutually exclusive. By making the maintenance obligation nonmodifiable, she argues, the parties precluded change of any kind, including termination. This argument misperceives the consequences of remarriage under former RCW 26.09.170. Upon remarriage, the maintenance obligation terminates automatically by operation of law. Termination thus is not a form of modification, but is the

---

[2] In another provision, the agreement mentions the effect of the death of either party, indicating they intended to provide for such a contingency, and perhaps also indicating they did not consider the effects of remarriage. The agreement is neither specific nor explicit as to the effect of remarriage, and *In re Marriage of Nielsen,* 52 Wn. App. 56, 757 P.2d 537 (1988) provides no support for Ms. Butler's position.

[3] The amendments to the statute are not material to this appeal. Laws of 1987, ch. 460, § 6.

statutory result of remarriage. Former RCW 26.09.170 recognized the distinction between modification and termination by treating them in separate paragraphs. Here, the court did not modify the maintenance provision, but merely recognized the obligation had terminated by law. It committed no error in doing so.

Mr. Rufener seeks attorney fees on appeal under the same provision in the separation agreement on which the trial court relied:

> If any . . . action becomes necessary, whether at law or in equity, to enforce the terms of this agreement, the prevailing party shall be entitled to an award of attorney's fees and suit costs reasonably incurred in such enforcement action.

As the "prevailing party", Mr. Rufener is entitled to attorney fees on appeal.

Ms. Butler contends, however, that the trial court lacked jurisdiction to award attorney fees, because under the separation agreement the court had lost jurisdiction over the modification issue. She contends Mr. Rufener's position is tantamount to seeking attorney fees for a judicial determination that a contract has been fully executed. This argument ignores the circumstances under which Mr. Rufener moved for a declaration of noncontempt. His motion was in response to Ms. Butler's attempt to enforce her interpretation of their agreement. Mr. Rufener clearly was defending against her action. He prevailed, and is entitled to attorney fees, as the parties expressly agreed.

We affirm the decision of the trial court, and award Mr. Rufener reasonable attorney fees of $1,080.

GREEN, J., and FARIS, J. Pro Tem., concur.

Review denied by Supreme Court February 28, 1989.