[No. 17314-0-II. Division Two. July 25, 1995.]

*In re the Marriage of* SHIRLEY R. ALLEN, *Respondent, and* LOREN KEITH ALLEN, *Appellant.*

*Robert D. Weisfield*, for appellant.
*Deborah M. Phillips*, for respondent.

FLEISHER, J. — This case involves the interplay between a provision of the domestic relations statutes and the mandatory forms now in use under those statutes. Loren Allen appeals the trial court's finding that, based on the language of his dissolution decree, his obligation to pay spousal maintenance did not terminate upon his ex-wife's remarriage. We hold that failure to mark the "termination upon death or remarriage" option in the decree form does not satisfy the test for clear and unmistakable language required to overcome the statutory presumption that maintenance is terminated upon the remarriage of the party receiving it. Accordingly, we reverse.

On April 28, 1992, Shirley Allen petitioned for dissolution of her marriage. On May 14, 1992, Shirley and her husband Loren entered into a marital and property settlement agreement that required Loren to pay $300 per month for spousal support starting August 1, 1992 "with the final payment due on July 1, 1996". The agreement did not address whether the maintenance obligation would survive remarriage of the wife. The Allens were divorced on August 13, 1992. The decree of dissolution, based on the mandatory domestic relations form, provided spousal maintenance for Shirley using language similar to that in the settlement agreement.

Shirley remarried on October 22, 1992. Loren stopped paying maintenance after his ex-wife's remarriage, claiming that his obligation terminated upon that event. Shirley then garnished his bank account, and Loren filed a claim to have the garnishment quashed. The trial court refused to quash the garnishment, and this appeal followed.

In 1990, the Legislature enacted a provision mandating the use of "standard court forms . . . in all actions commenced under chapters 26.09, 26.10, and 26.26 RCW . . .". RCW 26.18.220(1). Unnecessary portions of the forms may be deleted according to the rules established by the administrator for the courts;[1] the forms may also be supplemented with additional material. RCW 26.18.220(2).

The mandatory form for a decree of dissolution contains the following paragraph, which can be altered, providing for spousal maintenance:

3.7. SPOUSAL MAINTENANCE
    [ ]  Does not apply.
    [ ]   The [ ] husband [ ] wife shall pay maintenance as set forth in Exhibit ____. This exhibit is attached or filed and incorporated by reference as part of this decree.
    [ ]   The [ ] husband [ ] wife shall pay $___ maintenance. Maintenance shall be paid [ ] weekly [ ] semi-monthly [ ] monthly. The first maintenance payment shall be due on _____(Date).
    The obligation to pay future maintenance is terminated:
    [ ]  upon the death of either party or the remarriage of the party receiving maintenance.
    [ ]  Other:

1 *Washington Practice* § 13.70 (1995 supp.)

In this case, the attorney who prepared the decree inserted the phrase "after final monthly payment due on July 1, 1996" following the word "terminated" in the final sentence of paragraph 3.7 and then left intact, *but did not check*, either of the two options that follow.

■ Our task is to interpret this decree language in light

---

[1]Rule 2 states: "Each paragraph must be addressed. Where there are options to be chosen, the task force has set forth those options by check box. On computer generated forms only those options which are applicable to the case need to be included on the form. If a paragraph does not apply, all that needs to be included for that paragraph is the 'does not apply' option". Barbara Barker and Kelly Kunsch, 1 *Washington Practice* § 13.41 (1995 supp.)

of the statutory presumption that support obligations terminate upon death or remarriage. RCW 26.09.170(2). That statute states: "Unless otherwise agreed in writing or *expressly provided in the decree* the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance". (Emphasis added.) RCW 26.09.170(2).

This is apparently the first case calling for construction of mandatory form language in a dissolution decree. In earlier cases construing former RCW 26.09.170,[2] courts have held that maintenance terminates upon the death of either party, or at the remarriage of the spouse receiving it, unless the decree contains "specific or manifestly clear and unmistakable" language indicating that the maintenance is to survive these events. *Bird v. Henke*, 65 Wn.2d 79, 82, 395 P.2d 751 (1964); *Murphy v. Shelton*, 183 Wash. 180, 48 P.2d 247 (1935); *In re Marriage of Williams*, 115 Wn.2d 202, 796 P.2d 421 (1990); *In re Marriage of Rufener*, 52 Wn. App. 788, 764 P.2d 655 (1988), *review denied*, 112 Wn.2d 1008 (1989); *In re Marriage of Mason*, 40 Wn. App. 450, 698 P.2d 1104, *review denied*, 104 Wn.2d 1017 (1985).

In *Bird*, the divorce decree stated that the ex-wife was to receive $150 per month in maintenance "*so long as she shall live, or until her re-marriage.*" (Italics theirs.) *Bird*, 65 Wn.2d at 80. When the ex-husband died, his former wife sought to continue receiving alimony from his estate. The court, however, held that:

> . . . regardless of the attitude adopted by other jurisdictions, it has become the established policy and rule in this jurisdiction that judicially decreed alimony or support payments will abate upon the death of a divorced obligor, absent specific or manifestly clear and unmistakable decretal provision to the contrary.

*Bird*, at 82.

---

[2]Former RCW 26.09.170 was amended by Laws of 1987, ch. 430, § 1. The language of the old and new versions is identical, but the new version created numbered subsections, and the language quoted above is now contained in 26.09.170(2).

Relying on *Bird*, the *Mason* court held that, for payments to continue after the recipient's remarriage, the decree must mention specifically the event of remarriage and the effect it would have on the obligation to pay. *Mason*, 40 Wn. App. at 457. In *Mason*, the divorce decree provided only that the ex-wife was to receive $200 per month as " 'permanent alimony/maintenance' ". *Mason*, 40 Wn. App. at 451-52. The ex-wife sought to continue receiving payments after her remarriage, but the court held that "permanent alimony" alone means alimony until a change in circumstances, such as remarriage, occurs. *Id.* at 456.

Similarly, the decrees in *Rufener* and *Williams* did not address the effect of the recipient's remarriage. In *Rufener*, the decree stated expressly that payments were to end upon the death of the recipient, the ex-wife. She thus argued that the decree, by mentioning death, impliedly required payments to continue in all other circumstances. However, the court rejected this argument and held that the obligation to pay maintenance terminated by statute. *Rufener*, 52 Wn. App. at 790. In *Williams*, the dissolution decree required the ex-husband to pay maintenance for four years or until his ex-wife finished her bachelor's degree. The court held that the decree lacked the specific language necessary to overcome the statutory presumption of termination upon remarriage. *Williams*, 115 Wn.2d at 210.

■ ■ Here, Shirley Allen argues that the decree expressly provides that maintenance does not terminate upon her remarriage because a termination date is specified and the box indicating termination upon death or remarriage was not marked. We do not agree that this is a sufficiently clear expression of intent to overcome the statutory presumption. First, inclusion of a termination date merely establishes that maintenance is limited to a potential maximum of four years. Second, while language providing for termination upon death or remarriage is an option on the mandatory form and thus was included in

the decree, failure to choose this option is not a clear and unmistakable statement that maintenance does not terminate upon remarriage.

As in *Rufener*, the argument being made is that by implication, the language of the decree overcomes the statutory presumption of termination. As discussed above, however, we require an express statement that remarriage or death does not terminate maintenance. In a case construing a separate provision of former RCW 26.09.170, the court stated, " 'Express' means 'directly and distinctly stated or expressed rather than implied or left to inference: not dubious or ambiguous' ". *In re Marriage of Main*, 38 Wn. App. 351, 352, 684 P.2d 1381 (1984) (quoting *Webster's Third New International Dictionary* 803 (1969)). The language at issue here does not meet this standard. The *Bird* court explained the reason for the rule requiring clear and unmistakable language:

> We consider this rule a salutory [*sic*] one, if for no other reason than that it encourages the considered judgment inherent in clarity and certainty. It tends to exclude misunderstanding and ambiguity in an area of human relations where the emotions of the moment often conflict with afterthoughts, changing circumstances, death, and the intervention of third party interests. Abandonment of the rule would accomplish no practical result. Watering it down by sophisticated construction of questionable decretal language, however magnanimous the spirit, would lead but to confusion.

*Bird*, 65 Wn.2d at 82. We find nothing to indicate that the 1990 Legislature intended to abandon this rule or to change the presumption of RCW 26.09.170(2) when it required use of mandatory domestic relations forms.

This case illustrates the problems mandatory forms can cause. On its face, the decree form is flawed in that it does not make clear that the presumption contained in RCW 26.09.170(2) will apply absent express language to the contrary. Because the form does not change the statutory presumption, merely retaining language in the form,

without any effort to clarify it or to mark either of the applicable boxes beside it, is not sufficient to overcome the statutory presumption. The law must drive the forms, not vice versa.

The parties here indicated only the date when the final monthly maintenance obligation payment is due. No provision was made for other events, such as remarriage or the death of either party, that could terminate the obligation at an earlier time. Because the decree contained no express provision to the contrary, we hold that Loren Allen's obligation to pay spousal maintenance ended upon Shirley Allen's remarriage.

Reversed.

HOUGHTON, A.C.J., and BRIDGEWATER, J., concur.