[No. 35750-6-I.   Division One.   June 10, 1996.]

*In the Matter of the Marriage of* PEGGY JO BRISCOE, *Respondent,* and DEWAYNE L. BRISCOE, *Appellant.*

*Catherine Wright Smith* and *Edwards, Sieh, Hathaway, Smith & Goodfriend, P.S.*, for appellant.

*Martin A. Godsil* and *Casey & Pruzan*, for respondent.

KENNEDY, A.C.J. — Dewayne L. Briscoe appeals the trial court's post-decree order denying him an offset against his monthly child support obligation to account for social security disability payments paid directly to the children, and entering a judgment for back support in favor of Peggy Briscoe. Dr. Briscoe argues that he is entitled to the offset under RCW 26.18.190(2) because the parties' settlement contract at the time of entry of the decree of dissolu-

tion of marriage did not expressly provide that the offset would not be allowed. Dr. Briscoe also argues that *In re Marriage of Maples*, 78 Wn. App. 696, 899 P.2d 1 (1995) does not require a different result (even though the children's payments were not included in his income for purposes of computing child support), because he agreed to a deviation upward from the table amount, and because his monthly obligation would still be more than the table amount if the offset were given; thus, he concludes, he would not enjoy a windfall. Dr. Briscoe argues that we are required to reverse and direct the trial court to grant the statutory offset.

Mrs. Briscoe argues that substantial evidence supports the trial court's determination that the parties agreed that the offset would not be given, and that RCW 26.18.190(2) does not require a different result.[1] She asks to be awarded her reasonable attorney fees for responding to this appeal.

We conclude that RCW 26.18.190(2) does not entitle Dr. Briscoe to the offset, in that the amount of the payments to the children were not included in his income for purposes of the parties' settlement agreement. Accordingly, the statutory presumption is inapplicable in the instant case, and express decretal or contractual language was not required to overcome the presumption. Because substantial evidence supports the trial court's determination that the parties agreed that the offset would not be taken, their agreement governs the outcome. Accordingly, we affirm and award Mrs. Briscoe her reasonable attorneys fees for responding to this appeal.

## FACTS

Dr. and Mrs. Briscoe were married in 1986 and had

---

[1] Dr. Briscoe does not challenge the sufficiency of the evidence to support the trial court's determination of the parties' actual intent. Rather, he contends that specific language was necessary to overcome the statutory presumption, regardless of actual intent.

twins the following year. The Briscoe family became entitled to social security disability payments after Dr. Briscoe was injured in an automobile accident and could no longer practice oral surgery. The parties separated in 1992. Their marriage was dissolved on January 14, 1994.

The parties entered into a property settlement and child support agreement in January 1994, in which Dr. Briscoe agreed to pay $1700 per month for support of the twins. The order of child support entered at the time of decree shows the standard support calculation to be $1160 per month, orders Dr. Briscoe to pay $1700 per month ($850 per child), and states: "Deviation by agreement of father to facilitate settlement." Clerk's Papers at 21.[2]

From February through June 1994, Dr. Briscoe paid Mrs. Briscoe $1700 per month for support of the twins, as provided in the decree. Beginning in July 1994, Dr. Briscoe reduced his monthly payments by $382, that being the amount of social security payments the twins were receiving directly ($191 per child). The following month, Mrs. Briscoe brought a motion seeking back support for July and August and asked that Dr. Briscoe be ordered to pay $1700 per month without offset for the children's social security disability payments.

Dr. Briscoe claimed that the parties had agreed that he would not reduce the child support by the amount of the social security disability benefits being paid to the children until Mrs. Briscoe rented a small cabin located on property awarded to her. Dr. Briscoe produced several canceled child support checks showing notations that he was voluntarily overpaying monthly support prior to June 1994. Mrs. Briscoe claimed that Dr. Briscoe fabricated the story about the cabin agreement, and that he knew she had rented the cabin in April 1994, but still continued to pay the full amount of the support through June 1994.

---

[2] The parties' agreement provides: "Father willing to deviate (exceed) from Washington State child support table to facilitate settlement. Father will assume one thousand seven hundred dollars ($1,700) per month for child support obligation." Clerk's Papers at 64.

Mrs. Briscoe claimed that the parties had intended for the children to receive their social security disability payments in addition to the $1700 per month Dr. Briscoe agreed to pay. She claimed not to recall any notations being on the checks she received regarding voluntary overpayment, and that when she saw the notations on the canceled checks after Dr. Briscoe responded to her motion, she did not know what the notations referred to.

It was undisputed that the parties were aware of RCW 26.18.190(2) before they entered into the settlement agreement. In April 1993, a court commissioner entered a temporary order dividing the parties' total income equally between the two households and ordering that the children's social security disability payments be paid directly to Mrs. Briscoe. Dr. Briscoe sought revision of the temporary order, asking to have his child support obligation reduced by the amount of the children's social security disability payments. Judge Passette acknowledged the existence of RCW 26.18.190(2), but declined revision in that the temporary order divided the parties' total income between the two households in lieu of differentiated child support and spousal maintenance, so that an offset to account for the children's social security benefits was not appropriate.

Sometime after the entry of temporary orders, Dr. Briscoe's attorney withdrew and Dr. Briscoe appeared pro se. Accordingly, Martin Godsil, Mrs. Briscoe's attorney, began to communicate directly with Dr. Briscoe. In a letter to Dr. Briscoe dated November 19, 1993, Mr. Godsil wrote:

> The questions concerning child support and parenting should be addressed in a further meeting with you, Peggy and myself. We need to re-compute child support based on the Washington State Worksheets. I agree with you that we need to take the Social Security disability payments for the [two] children into consideration when calculating the support. The only way we could agree on child support would be to run the worksheets completely. We also need to make provisions for health and life insurance. The whole issue of sup-

port is too complex to draft something preliminary and hope that it could be agreed upon. If we move fast enough, we should be able to meet sometime during the last week in November through the first part of December to finalize everything.

Clerk's Papers at 66–67.

After reviewing the parties' respective declarations, Commissioner Slusher resolved the credibility issues in favor of Mrs. Briscoe, found that the parties had intended the social security disability payments paid to the children to be in addition of the $1700 monthly child support obligation, granted Mrs. Briscoe's motion for back support, and ordered Dr. Briscoe to pay $1700 per month for child support as provided in the decree, without offset for the children's social security payments. Dr. Briscoe sought reconsideration, which was denied, and then sought revision. Judge Smith-Huggins denied revision.

This timely appeal followed.

## DISCUSSION

The version of RCW 26.18.190(2) in effect at the time of the parties' divorce provided, in pertinent part:

> When the social security administration pays social security disability benefits on behalf of or on account of the child or children of the disabled person, the amount of compensation paid for the children shall be treated for all purposes as if the disabled person paid the compensation toward satisfaction of the disabled person's child support obligation.

Dr. Briscoe argues that the parties' decree contains no express language overriding this statutory provision; accordingly, the statutory presumption must control. In support of this proposition, Dr. Briscoe cites *In re Marriage of Williams*, 115 Wn.2d 202, 209, 796 P.2d 421 (1990) (specific statutory provision for treatment of spousal maintenance obligation governs in absence of manifestly clear, unmistakable decretal provision to the contrary) and *Wagner v.*

*Wagner*, 95 Wn.2d 94, 98–99, 621 P.2d 1279 (1980) (parties presumed to contract with reference to existing statutes, and statute which affects subject matter of contract is incorporated into contract, absent clear intent to contrary disclosed by contract).

While this appeal was pending, Division Two of this court decided *In re Marriage of Maples*, 78 Wn. App. 696. Finding RCW 26.18.190(2) to be ambiguous because social security disability payments to children could reasonably be considered either as income to the disabled parent for purposes of calculating child support, or as income to the children for purposes of considering whether to deviate from the table, the *Maples* court studied the legislative history of various bills defining income for purposes of the child support schedule and concluded that the payments must be treated as income to the disabled parent in order to justify the statutory offset:

> RCW 26.18.190 provides that such payments *"shall be treated for all purposes"* as if James, the injured worker, paid the compensation towards his child support obligation. The payments cannot be considered as having been made by James unless they are also treated as income to James. In other words, James has two sources available to him to pay child support—James's disability payments of $1,680 and the disability payments to the children in the amount of $567, for a total of $2,247. Since both resources are available to satisfy his child support obligation, both resources should be considered as income to him for purposes of calculating his child support obligation. Otherwise, the direct disability payments to the children would result in a windfall to the disabled parent, whose obligation would be unfairly reduced at the expense of the custodial parent.

*Maples*, 78 Wn. App. at 704 (emphasis added by *Maples* court).

■ We agree with the *Maples* court's interpretation of RCW 26.18.190(2). Although we likely would agree with Dr. Briscoe that the principles of *Williams* and *Wagner* cited above would govern if the statutory presumption

contained in RCW 16.18.190(2) were applicable to the support order contained in the Briscoe decree, we hold that the statutory presumption is not applicable because the children's social security payments were not included in Dr. Briscoe's income for purposes of calculating either the standard table amount or for purposes of determining the deviation amount.[3] Accordingly, Dr. Briscoe is not entitled to the statutory offset on grounds that the settlement agreement does not expressly override the statutory presumption or on grounds that the statutory presumption was incorporated into the agreement by operation of law. The statutory presumption cannot be applied until the payments to the children are included in the obligor parent's income, and that did not happen here.

*Maples* having come down after the parties filed their opening briefs, but before Dr. Briscoe filed his reply brief, Dr. Briscoe now argues that *Maples* requires reversal and remand for recalculation of support, and, presumably, for recalculation of Dr. Briscoe's income to include the children's disability payments. We disagree.

*Maples* arose in a different context from that of this case. Here, while fully aware of the existence of RCW 26.09.190(2), the parties entered into a settlement contract intending that the statutory offset would not be taken. The question of the statutory offset arose again after Dr. Briscoe complied with the settlement agreement for five months and then, for whatever reason, decided to grant himself the offset, in spite of the intent of the settlement.

---

[3]This becomes apparent upon comparing the income to each household at the time of the temporary order with their incomes shown on the child support worksheet at the time of final decree. In neither instance were the children's social security disability payments included in Dr. Briscoe's income. At the time of the temporary order, Dr. Briscoe was receiving three disability checks totaling $5582, and Mrs. Briscoe was receiving the children's social security disability payments, then in the sum of $186 for each child. On the child support worksheet prepared for the final decree, Dr. Briscoe's gross income is shown to be $5600. At the time of the hearing on Mrs. Briscoe's motion which led to the order now on appeal, Dr. Briscoe denied having any income other than his disability payments. From all of this we conclude that the children's payments were not included in Dr. Briscoe's income for purposes of setting child support at the time of final decree.

In *Maples*, in the course of a contested support modification proceeding, the trial court determined that the disability payments should be considered as income of the children, not the father, and ordered the father to pay a higher monthly sum than the table amount. The *Maples* court reversed, instructing the trial court to include the children's payments in the father's income and to redetermine support. The court observed that adding the children's disability payments to the father's income and recalculating the standard amount would result in a higher transfer payment than the sum awarded by the trial court, notwithstanding the deviation upward.

Here, if we were to reverse and order that the children's monthly payments be included in Dr. Briscoe's income, so that the statutory offset would for the first time become applicable, we would be rewriting the parties' settlement agreement. This we decline to do.

Our conclusion is not altered by the argument that Dr. Briscoe would still be paying more than the standard table amount as calculated at the time of the decree, even if he were to be granted the statutory offset. First, the standard amount as calculated at the time of the decree was based on the erroneous assumption that the children's disability payments need not be added to Dr. Briscoe's income for purposes of calculating the standard amount. Second, the parties intended the child support to be $1700 per month in addition to the amount of the children's social security disability payments. To impose the statutory offset would be to deprive Mrs. Briscoe of the benefit of that bargain, and would be as much of a windfall to Dr. Briscoe as that which concerned the *Maples* court.[4]

The parties' settlement agreement and the order of child support state that Dr. Briscoe agreed to pay a higher

---

[4]Mrs. Briscoe's financial affidavit filed in support of her request for attorney fees on appeal indicates that she assumed a substantial amount of community debt at the time of the decree, that she is unemployed while completing her college education and that her monthly expenses greatly exceed her net income. To deprive Mrs. Briscoe of the benefit of the parties' settlement agreement would likely impose an unwarranted hardship.

amount of support than the standard table amount in order to facilitate settlement. Given the extent of the parties' indebtedness (as reflected on the child support worksheets) it seems likely that the support agreement facilitated the settlement of property and debt issues, as well as the child support issues. To the extent that this may be so, to overturn the child support agreement without re-opening the allocation of debt would not be fair or just.

No appeal was taken from the decree of dissolution. Rather, we are reviewing an order arising out of a child support enforcement proceeding which, given the nature of the dispute, required the trial court to interpret the intent of the settlement agreement with respect to the offset issue. A child support enforcement proceeding is not the proper forum in which to try to set aside a property settlement and child support agreement — effectively, that is what Dr. Briscoe asks us to do.

We affirm the trial court's unchallenged interpretation of the intent of the parties' settlement agreement. Because the statutory presumption contained in RCW 26.18.190(2) did not become applicable to this particular settlement agreement, the absence of express language rebutting the statutory presumption is not fatal to enforcement of the settlement agreement in accord with the parties' actual intent. This being a child support enforcement action, and Mrs. Briscoe being the prevailing party, we award Mrs. Briscoe her reasonable attorney fees on appeal under RAP 18.1 and RCW 26.18.160.[5]

Affirmed.

COLEMAN and BECKER, JJ., concur.

Review granted at 130 Wn.2d 1016 (1996).

---

[5]Based on Mrs. Briscoe's financial affidavit submitted in support of her attorney fee request, the award is equally supportable under RCW 26.09.140.