**FILED**
**FEBRUARY 11, 2021**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re Custody of: | ) | No. 35974-3-III |
| | ) | (consolidated with |
| C.S.,[1] | ) | No. 36141-1-III |
| | ) | No. 36292-2-III |
| Minor Child, | ) | No. 36399-6-III |
| | ) | No. 36860-2-III |
| WAYNE JANKE, | ) | No. 36943-9-III) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| DORIS STRAND, | ) | |
| | ) | |
| Respondent, | ) | UNPUBLISHED OPINION |
| | ) | |
| RONALD SIMON and TERESA SIMON, | ) | |
| | ) | |
| Appellants. | ) | |

LAWRENCE-BERREY, J. — This case consolidates numerous appeals and links

another. Ronald Simon and Teresa Simon raise two central challenges. They challenge

the trial court's order awarding nonparental custody of their biological son, C.S., to Doris

Strand. They also challenge the judgment entered against them in favor of the guardian

ad litem (GAL) for $24,379.21.

---

[1] To protect the privacy interests of the minor, we use his initials throughout this opinion. General Order for the Court of Appeals, *In re Changes to Case Title*, (Aug. 22, 2018), effective Sept. 1, 2018.

Because C.S. no longer is a minor, we dismiss the first challenge as moot.

Because the Simons failed to pay the GAL as ordered, we affirm the judgment.

FACTS

C.S. was born on September 24, 2001. C.S.'s biological parents are Ronald and

Teresa Simon.

The proceedings underlying this appeal began in 2015 when C.S. filed a "Child in

Need of Services" petition. Shortly thereafter, Wayne Janke and Doris Strand sought to

be declared de facto parents of C.S. or, in the alternative, sought nonparent custody. On

April 27, 2015, the court appointed Kimberly A. Kamel as GAL for C.S.

Ms. Kamel was tasked with gathering appropriate information and advocating for

the best interests of C.S. The order appointing Ms. Kamel approved her hourly fee of

$200, preauthorized fees up to $15,000, and required each side to pay 50 percent of her

GAL fees. The court order specifically noted the distributions were "[s]ubject to the

court determining apportionment of fees at a later date." Clerk's Papers (CP) at 1004.

In the first few months of her appointment, Ms. Kamel spent numerous hours

interviewing dozens of witnesses, reviewing court filings, and obtaining medical, health,

and criminal information. The litigation was ongoing and contentious. On November 20,

2015, the court approved additional GAL fees of up to $35,000 total.

No. 35974-3-III; 36141-1-III; 36292-2-III; 36399-6-III; 36860-2-III; 36943-9-III
*Janke v. Simon*

In June 2017, Ms. Kamel filed a motion for instructions on her continued duties as GAL and payment. Her motion was accompanied by a lengthy declaration setting forth the tasks she performed each month, and the corresponding time and charges. Her GAL fees totaled $58,940.00, but she reduced her requested fees to $35,000.00. Of this, $28,394.74 had been paid by the parties, leaving a total amount owing of $6,605.26. Because the parties had previously paid unequal amounts, the Simons owed $5,219.21 and Strand/Janke owed $1,386.05. The court instructed the GAL that her fees were reserved for trial, she was to remain as GAL, but noted her obligation to investigate was complete.

Trial concluded on July 18, 2017, yet collateral issues continued being litigated. On March 14, 2018, the court entered a final order granting nonparental custody of C.S. to Ms. Strand. The order stated that GAL fees were to be paid in accordance with the April 27, 2015 order. The order further read: "The GAL shall provide necessary information to the court regarding reintegration, visitation and other pertinent issues as they arise. She shall be discharged upon separate order of the court." CP at 969.

On May 14, 2018, the court granted the GAL's motion for discharge and payment of additional fees of $38,320.00. Divided by two, each side was responsible for $19,160.00 of additional fees. Adding this to the unpaid amounts from June 2017, meant

3

the Simons owed $24,379.21 and Strand/Janke owed $20,546.06. The court ordered each side to pay their portion of the outstanding fees, together with 12 percent interest, accruing after 60 days.

The Simons did not pay the GAL. The trial court entered a judgment against them on August 13, 2018, together with 12 percent interest accruing as of July 14, 2018. The Simons timely appealed.

## ANALYSIS

### NONPARENTAL CUSTODY ORDER

The Simons argue that several of the trial court's findings are unsupported by the record and we should reverse its nonparental custody order. We decline to review this argument.

C.S. turned 18 more than one year ago. C.S. can now reside where he wishes, and our reversal or affirmance of the trial court's order will have no consequence. We directed the parties to answer whether there are any collateral issues that need to be addressed to warrant a decision on the merits. Both sides agreed there were none.

A case is moot if this court can no longer provide effective relief. *In re Dependency of Z.J.G.*, 196 Wn.2d 152, 161 n.7, 471 P.3d 853 (2020). For this reason, we decline to address whether the nonparental custody order should be affirmed or reversed.

GAL FEES

The Simons contend the trial court's prior fee orders in the case were temporary and therefore merged in the final order, which requires them to pay $24,379.21. Without citing the record, they assert they have "already paid that amount and more, so they do not owe anything else."[2] Appellants' Br. at 33. We disagree.

The Simons refer us to *Furgason v. Furgason*, 1 Wn. App. 859, 465 P.2d 187 (1970). In *Furgason*, the trial court entered a temporary order setting child support. Although the father was delinquent in his payments, the final order did not include those delinquent amounts. *Id.* at 859. Later, the wife sought and obtained an order requiring the husband to pay the delinquent amounts. *Id.* The husband appealed. *Id.* We determined that the wife had failed to preserve her right to recover the payments prior to entry of the final decree. *Id.* at 861. In essence, the temporary order became ineffective upon entry of the decree that terminated the action. *Id.* For this reason, the husband was no longer obligated to pay the delinquent support. *Id.*

---

[2] The record refutes the Simons' claim they had paid "that amount and more." Appellant's Br. at 33. As previously noted, in June 2017, the GAL sought and received approval for her fees of $35,000.00. Each side was required to pay $17,500.00. At the time, the GAL noted that the Simons owed $5,219.21 toward this amount. The difference between the Simons' portion of the GAL's fees ($17,500.00) and what they still owed ($5,219.21) is what they had paid, $12,280.79.

*Furgason* is distinguishable. There, the final decree did not include the delinquency. Here, as we explain below, the final judgment did include the delinquency.

The trial court initially approved GAL fees of up to $15,000.00, then increased them to $35,000.00 in November 2015 and then increased that amount by $38,320.00 in May 2018. The court then apportioned one-half of the increased amount, $19,160.00, to each side. Adding this amount to what each side still owed from June 2017, the trial court then entered separate orders fixing the amounts owed, giving 60 days to pay before interest would accrue. The Simons, who still owed $5,219.21 from June 2017, therefore owed a total of $24,379.21. They did not pay this amount as directed. The trial court properly entered judgment against them for this, the delinquent amount.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____        _____
Siddoway, A.C.J.                                          Fearing, J.

6