[No. 39503.    Department One.    July 27, 1967.]

JAMES L. TEITZEL, *Respondent*, v. VIVIAN M. TEITZEL, *Appellant*, VIOLET WAGNER, *as Executrix, Respondent*.*

*Reported in 430 P.2d 594.

*J. H. Jahnke,* for appellant.

*J. D. Searle,* for respondent.

HILL, J.—The plaintiff, James L. Teitzel, and the defendant, Vivian M. Teitzel, were divorced in December of 1958. The defendant was awarded custody of the five children, and the plaintiff was ordered to pay her the sum of $175 per month for their support.

In 1966, the defendant caused a writ of garnishment to be issued to recover for unpaid support money in the amount of $2,815. The garnishee defendant answered, disclosing an indebtedness to the plaintiff in an amount exceeding $3,000.

The plaintiff moved to quash the writ of garnishment upon the ground that there was no judgment against him because the divorce decree had been modified in January, 1959, so as to provide that he be relieved from making support money payments until the further order of the court, and that there had been no further order of the court.

The defendant contends that because the plaintiff failed to file a petition as required by RCW 26.08.170,[1] the modification order was void and of no effect.

The trial court agreed with the plaintiff that there had been a valid modification of the divorce decree, and quashed the writ of garnishment.

The defendant has appealed from the order quashing the writ of garnishment, and the issue now before this court is

---

[1] "Upon the filing of a properly verified petition to be entitled as in the original divorce or annulment action, together with a certified copy of the order, judgment or decree sought to be modified thereby, the superior court of the county in which said petition is filed shall have full and complete jurisdiction of the cause and shall thereupon order such notice of the hearing of said petition to be given as the court shall determine." (RCW 26.08.170)

whether there was an effective modification in January, 1959, excusing the plaintiff from making the payments as directed by the 1958 divorce decree.

On appeal, counsel for the defendant places great reliance on *State ex rel. Edward v. Superior Court*, 37 Wn.2d 8, 221 P.2d 518 (1950), where the respondent therein sought to obtain a change of custody of his children. The attorneys for the respondent filed a motion and affidavit in support of the change of custody. The relator appeared and challenged the jurisdiction of the court over the subject matter upon the ground that by statute (RCW 26.08.170) it was necessary to file a verified petition in order to invoke the jurisdiction of the court.

The *Edwards* case came to this court upon a temporary writ of prohibition directed to the superior court. We granted the writ upon the ground that the filing of the motion and affidavit, under the particular circumstances of the case, did not invoke the jurisdiction of the court to modify the divorce decree in the manner indicated by the statute.

It should be noted that in the *Edwards* action, there was an immediate and a direct attack upon the regularity of the proceeding. The grounds for the modification were not heard or determined. In the case at bar, the record discloses no objection to the power of the court to hear and determine the matter. The modification order was "approved as to form" by Mrs. Teitzel's attorney.[2] The jurisdictional question was not raised by direct attack before a determination on the merits; nor has it been raised in the intervening years since January 23, 1959. Instead it was collaterally raised for the first time in this garnishment proceeding. Under such circumstances, we do not consider the *Edwards* case to be controlling.

The defendant also relies upon the case of *Sowers v. Lewis*, 49 Wn.2d 891, 307 P.2d 1064 (1957), an unlawful detainer action in which this court held that where there is a special proceeding there must be substantial compliance

---

[2]Mrs. Teitzel's present attorney was not representing her at that time.

with the statutory procedure; and where the statute provides for a method of process, compliance therewith is jurisdictional. In line with that holding, it is urged that since no petition for a modification was filed in this case, as required by statute, the jurisdictional requirements were not met.

■ It cannot be gainsaid that in divorce matters the courts have continuing jurisdiction over the subject matter as well as over the parties. *Pike v. Pike,* 24 Wn.2d 735, 167 P.2d 401, 163 A.L.R. 1314 (1946), and cases cited therein. Here, by the serving and filing of a summons and complaint in the original divorce action, the court secured jurisdiction over the parties and subject matter and no original process was then necessary to regain a jurisdiction which was never lost. *Harris v. Harris,* 71 Wash. 307, 128 Pac. 673 (1912).

The *Sowers* case involved a special limited proceeding, and we merely held that where the legislature gives the court jurisdiction for a limited purpose, there must be substantial compliance with the statutory procedure in order to satisfy the jurisdictional requirements.

■ Here we are concerned with a general proceeding in which the court has been vested with continuing jurisdiction. RCW 26.08.170 relates to the preferable, but not the exclusive, way of invoking that jurisdiction.

In *Schaefer v. Schaefer,* 36 Wn.2d 514, 219 P.2d 114 (1950), a case involving the modification of a divorce decree as to child custody, we held that since the superior court had continuing jurisdiction with respect to the power to modify its decrees, the court could have considered a motion and affidavit for modification of the decree as a petition for modification. But in the *Schaefer* case there was nothing in the motion or affidavit alleging such a change of conditions or circumstances which would have authorized the trial court to change the custody of the child.

We intimated in *Starkey v. Starkey,* 40 Wn.2d 307, 242 P.2d 1048 (1952), that in the absence of a petition to modify a divorce decree the jurisdiction of the court might have

been invoked had the grounds for modifying the decree been raised either directly or indirectly in the moving party's affidavit in support of his motion for an order to show cause.

In the case at bar, an examination of the motion and affidavit reveals a substantial resemblance to a petition for modification. Both the motion and the supporting affidavit directly raise the issue of modification by alleging such a change of conditions or circumstances as would authorize the court to modify the decree with relation to the payments to be made thereunder by Mr. Teitzel.

Here the parties had notice of the hearing, appeared and argued the motion, and "approved as to form" the order granting the motion to modify the decree.

Under such circumstances, we hold that the motion and affidavit were sufficient to invoke the jurisdiction of the court over the subject matter, *i.e.*, a requested modification affecting the time of payment.

The order granting the motion to quash the writ of garnishment is affirmed.

FINLEY, C. J., WEAVER and ROSELLINI, JJ., and SHORETT, J. Pro Tem., concur.

----

September 18, 1967. Petition for rehearing denied.