247 P.3d 444 (2011)
Karl E. SAGNER, Respondent,
v.
Rory B. SAGNER, Appellant.
No. 64074-7-I.
Court of Appeals of Washington, Division 1.
January 31, 2011.
*445 G. Geoffrey Gibbs, Anderson Hunter Law Firm PS, Aimee Louise Trua, Attorney at Law, Everett, WA, for Appellant.
Steven B. Shea, Attorney at Law, Everett, WA, for Respondent.
SCHINDLER, J.
¶ 1 Rory Sagner appeals denial of her motion to dismiss Karl Sagner's petition to modify the child support order to provide for postsecondary education support of their daughter. Rory claims the court did not have jurisdiction to modify the child support order because Karl did not comply with the requirements of RCW 4.16.170, the statute that tolls a statute of limitations by timely filing and serving the petition within 90 days of their daughter's graduation from high school.[1] Because the court had continuing jurisdiction to modify the child support order in this case, and Karl complied with the requirements of RCW 26.09.175, the specific statute that governs the filing and service of a petition to modify child support, we affirm.
¶ 2 The decree of dissolution of the marriage between Karl and Rory was entered on February 27, 2003. The parenting plan designated Karl as the primary residential parent of their 13-year-old daughter Keira. The decree states that "[c]hild support shall be paid in accordance with the order of child support." The order of child support requires Rory to pay Karl monthly child support payments of $270.71 beginning January 1, 2003. Paragraph 3.13 of the child support order states: "Support shall be paid until the child reaches the age of 18 or as long as the child remains enrolled in high school, whichever occurs last, except as otherwise provided in Paragraph 3.14." Paragraph 3.14 of the order addresses postsecondary education support. Paragraph 3.14 states: "The right to petition for post secondary support is reserved, provided that the right is exercised before support terminates as set forth in paragraph 3.13."
¶ 3 Keira turned 18 on September 4, 2007, at the beginning of her last year in high school. Keira applied for early admission to the University of Chicago and was accepted. The annual cost of attending the University of Chicago is more than $50,000. Karl wanted Keira to attend the University of Chicago. Keira enrolled in classes beginning in fall 2008. Keira graduated from high school on June 6, 2008.
¶ 4 On June 3, three days before Keira graduated from high school, Karl filed a summons for modification of child support and a petition to modify the February 27, 2003 child support order.
¶ 5 In the petition, Karl alleged Keira was "in need of post secondary education support because the child is in fact dependent and is relying upon the parents for the reasonable necessities of life." Karl served Rory by certified first class mail at a post office box address. Rory signed a return receipt on October 9, acknowledging receipt of the summons and petition to modify the child support order.
¶ 6 Rory's attorney filed a notice of appearance on October 15. In her "Response to Petition for Modification of Child Support," *446 Rory alleges that "[t]he order of Child Support should not be modified as Petitioner did not timely file and serve the Petition on Respondent."
¶ 7 Rory filed a motion for summary judgment dismissal of the petition. Rory argued that the petition to modify child support was not timely because "service was not effectuated within 90 days" for purposes of tolling the provision in the child support order that terminated support when Keira reached 18 or prior to her graduation from high school.[2] In opposition, Karl argued that the specific statute governing modification of an order of child support, RCW 26.09.175, controlled. Karl asserted that he complied with the requirements of RCW 26.09.175 by timely filing the petition and serving Rory by certified mail. The court denied Rory's motion for summary judgment dismissal of the petition.[3]
¶ 8 Following denial of the motion to dismiss the petition to modify child support, Karl and Rory engaged in arbitration. During the arbitration, Karl testified that he "would guarantee his daughter's college education" at the University of Chicago.
¶ 9 The arbitrator issued the arbitration award on June 16, 2009. The arbitrator ruled that the postsecondary support obligation should be calculated based on two years of attending community college and two years at the University of Washington, resulting in a monthly support obligation of $817 for Karl and $400 a month for Rory until Keira's 23rd birthday. Neither party filed a request for a trial de novo.
¶ 10 Based on the arbitration award, the court entered an order of child support requiring Karl to pay $817 per month for postsecondary education and Rory to pay Keira $400 a month beginning September 1, 2008, and terminating the last day of the month when Keira turns 23 as long as she is enrolled full time in college. The court also entered findings of fact and conclusions of law. The court found Keira was dependent and in need of postsecondary education support, and incorporated the arbitration award and the child support worksheets.
¶ 11 On appeal, Rory claims the court erred in denying her motion to dismiss because Karl's petition to modify child support was not timely commenced under the terms of the child support order and the requirements of the statute that tolls a statute of limitations, RCW 4.16.170.
¶ 12 When reviewing an order on summary judgment, an appellate court engages in the same inquiry as the trial court. Kruse v. Hemp, 121 Wash.2d 715, 722, 853 P.2d 1373 (1993). A party is entitled to summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kruse, 121 Wash.2d at 722, 853 P.2d 1373; CR 56(c).
¶ 13 When interpreting a statute, our primary objective is to ascertain and carry out the legislature's intent. Alpine Lakes Prot. Soc. v. Dep't of Ecology, 135 Wash.App. 376, 390, 144 P.3d 385 (2006). We first look to the plain meaning of the statute. If the statute is unambiguous, we derive legislative intent from the language alone. Fraternal Order of Eagles, Tenino Aerie No. 564 v. Grand Aerie of Fraternal Order of Eagles, 148 Wash.2d 224, 242-43, 59 P.3d 655 (2002).
¶ 14 We also must give effect to all of the statutory language so that "`no portion [is] rendered meaningless or superfluous.'" Davis v. Dep't of Licensing, 137 Wash.2d 957, 963, 977 P.2d 554 (1999) (quoting Whatcom County v. City of Bellingham, 128 Wash.2d 537, 546, 909 P.2d 1303 (1996)). We construe a legislative act as a whole, and whenever possible, we harmonize the provisions of the act to ensure its proper construction. Nisqually Delta Ass'n v. City of Du-Pont, 103 Wash.2d 720, 730, 696 P.2d 1222 (1985). We resolve any apparent conflict between statutes by using the established rule of statutory construction that favors specific statutory language over general provisions. See ETCO, Inc. v. Dep't of Labor & *447 Indus., 66 Wash.App. 302, 305-06, 831 P.2d 1133 (1992).
¶ 15 After entry of a decree of dissolution and child support order, the court has continuing jurisdiction to modify the child support order. Teitzel v. Teitzel, 71 Wash.2d 715, 718, 430 P.2d 594 (1967). A court may modify the order of child support to provide postsecondary education support if a party files the petition to modify before support terminates. Wimmer v. Wimmer, 44 Wash.App. 842, 844, 723 P.2d 531 (1986); Balch v. Balch, 75 Wash.App. 776, 779, 880 P.2d 78 (1994).[4]
¶ 16 Under RCW 26.09.100(1), a superior court has the authority to order a parent to pay child support for a dependent child even if the child has reached the age of majority. Balch, 75 Wash.App. at 778, 880 P.2d 78. The obligation to pay child support is based on dependency not minority. Childers v. Childers, 89 Wash.2d 592, 597, 575 P.2d 201 (1978). In considering whether to order support for postsecondary education, the statute requires the court to determine whether the child is in fact dependent and is relying on the parents for the reasonable necessities of life. RCW 26.19.090(2).[5] The court shall not order the payment of postsecondary educational expenses beyond the child's 23rd birthday, "except for exceptional circumstances, such as mental, physical, or emotional disabilities." RCW 26.19.090(5).
¶ 17 However, under RCW 26.09.170(3), a parent's obligation to pay child support ends when a child reaches the age of 18 unless the order of child support expressly states otherwise. RCW 26.09.170(3) provides:
Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation of the child or by the death of the parent obligated to support the child.
¶ 18 Interpretation of a child support order is a question of law that we review de novo. See Stokes v. Polley, 145 Wash.2d 341, 346, 37 P.3d 1211 (2001). Unless the parties state otherwise, we presume the language used in the child support order incorporates existing relevant statutory provisions. In re Marriage of Briscoe, 134 Wash.2d 344, 348, 949 P.2d 1388 (1998).
As a general rule parties to a marriage settlement are presumed to contract with reference to existing statutes, and statutes which directly bear upon the subject matter of the settlement are incorporated into and become part of the decree. Wagner v. Wagner, 95 Wash.2d 94, 98, 621 P.2d 1279 (1980). The parties, however, may exclude such relevant statutes from their agreement but to do so they must expressly declare their mutual intention to so exclude. Id. at 99 [621 P.2d 1279]. An express agreement to exclude the relevant statute must be a "clear manifestation of intent . . . to make the general law inapplicable," Id. at 99 [621 P.2d 1279], and must be "`directly and distinctly stated or expressed rather than implied or left to inference. . . .'" In re Marriage of Allen, 78 Wash.App. 672, 678, 898 P.2d 1390 (1995) (quoting In re Marriage of Main, 38 Wash.App. 351, 352, 684 P.2d 1381 (1984)). Failure to exclude results in automatic inclusion. In re Marriage of Williams, 115 Wash.2d 202, 209, 796 P.2d 421 (1990).
Briscoe, 134 Wash.2d at 348, 949 P.2d 1388.
¶ 19 Here, the order of child support states that child support terminates when the child reaches 18 or graduates from high school unless the right to petition for postsecondary support is "exercised before support terminates." The child support order provides, in pertinent part:
3.13 TERMINATION OF SUPPORT.
Support shall be paid until the child reaches the age of 18 or as long as the child remains enrolled in high school, whichever occurs last, except as otherwise provided below in Paragraph 3.14.
3.14 POST SECONDARY EDUCATIONAL SUPPORT.

*448 The right to petition for post secondary support is reserved, provided that the right is exercised before support terminates as set forth in paragraph 3.13.
¶ 20 Rory contends that because Karl did not serve the petition within 90 days of filing the petition to modify child support under the terms of the child support order, the court erred in denying her motion to dismiss. Rory asserts that because the language of the child support order is a contractual limitation on commencing a child support modification action, RCW 4.16.170, the statute that tolls a statute of limitations, governs the requirements for filing and serving the petition to modify child support.[6]
¶ 21 RCW 4.16.170 addresses commencement of an action for purposes of tolling a statute of limitations. RCW 4.16.170 provides, in pertinent part:
For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. . . . If . . . following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.
¶ 22 According to the plain and unambiguous language of the tolling statute, RCW 4.16.170 does not apply to a petition to modify a child support order where, as here, the motion to modify is not a new action. Under RCW 4.16.170, "[f]or the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first."[7]
¶ 23 The case Rory relies on, Wothers v. Farmers Insurance Co., 101 Wash.App. 75, 5 P.3d 719 (2000), supports our conclusion. In Wothers, we held that an insured who is required to "bring suit" under a policy within one year of the date of loss did not properly commence the action under RCW 4.16.170 by filing the lawsuit without effecting proper service within 90 days. Wothers, 101 Wash. App. at 76, 5 P.3d 719.
¶ 24 Because the child support order in this case does not expressly state otherwise, the specific requirements of RCW 26.09.175 govern filing and service of the petition to modify the child support order. RCW 26.09.175 states, in pertinent part:
(1) A proceeding for the modification of an order of child support shall commence with the filing of a petition and worksheets. The petition shall be in the form prescribed by the administrator for the courts. There shall be a fee of twenty dollars for the filing of a petition for modification of dissolution.
(2)(a) The petitioner shall serve upon the other party the summons, a copy of the petition, and the worksheets in the form prescribed by the administrator for the courts. If the modification proceeding is the first action filed in this state, service shall be made by personal service. If the decree to be modified was entered in this state, service shall be by personal service or by any form of mail requiring a return receipt. . . . Proof of service shall be filed with the court.
¶ 25 Under RCW 26.09.175, where the modification petition is filed while the previous child support order is still in effect, service can be accomplished by certified mail. *449 The plain language of RCW 26.09.175(2) does not restrict the type of address sufficient for adequate service by mail. In In Marriage of McLean, 132 Wash.2d 301, 937 P.2d 602 (1997), the court held that due process only requires notice that is "reasonably calculated under all the circumstances to apprise a party of the pendency of the action and provide an opportunity to be heard." McLean, 132 Wash.2d at 309, 937 P.2d 602. The court concluded that due process is satisfied when the party filing the motion to modify a child support order under RCW 26.09.175(2), sends the required notice by certified mail, return receipt requested, even if the mailing is returned marked as unclaimed. McLean, 132 Wash.2d at 303, 937 P.2d 602.
¶ 26 In sum, we conclude that under the terms of the child support order, the specific statutory requirements of RCW 26.09.175 governed filing and service of the petition to modify child support. Because Karl complied with RCW 26.09.175 by filing the petition to modify child support before Keira graduated from high school and serving Rory with the petition by certified mail with a return receipt requested, we affirm.[8]
WE CONCUR: LAU and SPEARMAN, JJ.
NOTES
[1] For clarity, we use first names in this opinion and mean no disrespect in so doing.
[2] Rory also submitted a declaration in support of her motion for summary judgment, stating that she could only afford limited contributions for postsecondary support.
[3] The court ruled that the two-year statute of limitations under RCW 4.16.130 applies to a petition for modification.
[4] Accordingly, we reject the argument that the two-year statute of limitations under RCW 4.16.130 applies.
[5] RCW 26.19.090(2) contains a nonexclusive list of relevant factors the court must consider in ruling on a request for postsecondary educational support.
[6] Rory also claims that Karl did not comply with the statutory requirement to file worksheets with the petition to modify child support. While the record is unclear, the order denying the motion to dismiss that was entered on January 27, 2009, refers to the worksheets. The order provides, in pertinent part:

In so ruling the court considered the Summons and Petition for Modification filed on June 3, 2008[,] the Financial Declarations (2) of the Petitioner and supporting documents under seal, the Tuition Account Statement, Father's proposed worksheets, Proof of Service, the Respondent's Motion for Summary Judgment, Declarations of Rory Sagner and Karl Sagner, Petitioner's Memorandum of Authorities and Respondent's Reply Declaration. Therefore, the motion is denied.
[7] Emphasis added.
[8] We decline to award attorney fees to either party.