## IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of | No. 69265-8-I |
| SIMON PEDERSEN, | DIVISION ONE |
| Respondent, | UNPUBLISHED OPINION |
| and | |
| LONE PEDERSEN, | FILED: February 3, 2014 |
| Appellant. | |

LEACH, C.J. — Lone Pedersen[1] appeals a trial court order that no further proceedings in this case shall be brought in Snohomish County Superior Court. Lone claims that by declining all jurisdiction following her daughter's relocation to Norway to live with her, the trial court has unfairly denied her access to the court. The child's father, Simon Pedersen, responds that the court's order was proper under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), chapter 26.27 RCW, because after July 5, 2012, no party lived in Washington and Norway assumed jurisdiction over matters of "child custody and support." Because the court erred in determining it no longer had jurisdiction to enforce its child support order, we reverse and remand for further proceedings consistent with this opinion.

---

[1] For clarity we will refer to the parties by their first names.

Background

Simon Pedersen and Lone Pedersen have three children, the youngest of whom, Nora, is 16. Simon is a dual citizen of Norway and the United States, Lone is a citizen of Norway, and Nora is a citizen of the United States. When Simon filed this dissolution action in 2006, the family lived together in Edmonds, Washington. The trial court entered a decree finalizing the parties' dissolution in 2007.

In 2011, Lone filed a notice of intended relocation, which stated her plans to move with Nora to Oslo, Norway. Simon objected to the relocation, and a hearing followed in Snohomish County Superior Court on October 5 and 6, 2011. Lone moved with her fiancé to Oslo on November 1, 2011. On November 17, 2011, the court entered an order permitting Nora's relocation. The trial court ruled that on July 5, 2012, after Nora finished her freshman year of high school, she would move to Norway, provided that Lone had secured employment and established a stable environment for Nora by then. The court expressly reserved the question of child support. The court directed in the accompanying parenting plan that Nora would live with Simon in Edmonds until her departure to Norway on July 5, 2012.

On February 17, 2012, the court entered an order of child support "pursuant to an agreement of the parties based on entry of an agreed parenting plan that changes the primary residence of the child to the father's residence." Based on imputed income, the court ordered Lone to pay $466.08 a month for

Nora's support. The order stated that Lone's move to Norway occurred August 17, 2011, and ruled that her child support obligation commenced September 1, 2011. A March 30, 2012, order denied Lone's motion for reconsideration in part, granted it in part, and corrected a scrivener's error.[2] The court concluded by directing, "Further proceedings in that regard, if there are any, should be presented through the normal course, that being the Commissioner's Family Law calendars. They should not be directed to the undersigned."

At a hearing on May 9, 2012, Simon told the court that because of his work, he would be moving from Edmonds to Florida that summer and asked the court "what would happen to jurisdiction" when Lone and Nora lived in Norway and he resided in Florida. The court responded that it did not have an answer to that question. Simon emphasized, "I'd like to have all these matters brought to an end so that if Nora leaves and when I move there's no open issue as far as the child support goes."[3] The court set a review hearing for June 13, 2012.

At the review hearing, Simon appeared pro se, and Lone appeared through her attorney and by telephone from Oslo. Over Lone's objection, Nora also attended and testified that she did not want to move to Norway—that she

---

[2] The court denied Lone's motions to reconsider the court's imputation of her income, the start date of her child support obligation, and presentation of the child support order. The court granted reconsideration of allocation of long distance transportation expenses and stated, "Petitioner [Simon] has satisfied the Court that he is entitled to the health insurance credit." The court corrected the child support order to delete a sentence: "A deviation was ordered."

[3] The court responded, "What I've decided is that the non-custodial parent owes a child support obligation that I expect to be paid, much like I expect every mother and father in this whole system to live up to their obligation."

wished to finish high school in the United States, even if Simon relocated to Florida. The trial court determined that Lone had satisfied the court's conditions concerning financial stability and ordered that Nora relocate to Lone's residence in Norway on July 5, 2012. The court's June 13 order also provided,

> 7. No further proceedings shall be brought in this court after Nora relocates to Norway on July 5, 2012.
>
> 8. Upon filing of proof/documents that verifying (sic) that Norway will assume primary jurisdiction over parenting plan/child support issues involving these parties and Nora, Snohomish County will decline to hear any further motions in this case, as the parties and the child will have no connection to Washington State.
>
> 9. Judge Cowsert no longer retains jurisdiction in this case.

On June 21, 2012, the trial court entered an agreed temporary/interim order of child support that required Lone to pay $367.22 a month for Nora's support, beginning November 1, 2011. The order stated, "[B]ack child support, if any, and back interest, if any, owed by respondent Lone Pedersen under the terms of this order shall be determined in the adjustment/modification of child support which is to be effective on July 1, 2012."[4] Proposed adjustment or modification "shall be submitted to the court on the Commissioner's Family Law Motions Calendar pursuant to statute and local court rules."

On June 25, 2012, Lone filed a motion for reconsideration, requesting that the trial court "reconsider and eliminate" paragraphs 7 and 8 of its June 13 order. On August 9, 2012, the trial court denied the motion for reconsideration, explaining its reasons as follows:

---

[4] This adjustment/modification was to be prospective only.

Respondent was given adequate notice of Petitioner's concerning issues of jurisdiction.

Respondent removed herself from the physical jurisdiction of this court over a year ago.

Petitioner has relocated to Florida.

This court has been advised that proceedings have been commenced in Norway, where Respondent and the child, Nora, currently reside, which is the most appropriate forum for further litigation in this matter.

In its August 9 order, the court did not state the basis for its knowledge of proceedings in Norway. Simon filed a declaration on August 13, 2012, to which he attached a letter, dated August 10, 2012, from a Norwegian attorney, stating that Nora "keeps a permanent residence in Norway" and "[a]ccording to Norwegian regulations Norway has jurisdiction over Nora."

On September 4, 2012, Lone sought review by this court of the trial court's order denying her motion for reconsideration and of paragraphs 7 and 8 of the court's June 13, 2012, order. On February 14, 2013, after a hearing at which both Lone and Simon were present and represented by counsel, the Oslo District Court entered an agreed[5] "Court Settlement" regarding "permanent residence and custody." The Oslo court ruled that Nora would live with Lone until July 21,

---

[5] A section of the settlement titled "Comments from each party" includes the following:
> On the mother's side it was noted that the settlement is entered into as she realizes the court would otherwise make a verdict for them.
> The mother's opinion is that it would be best for Nora to remain in Norway with her the way it was decided by Snohomish County Superior Court in June 2012.

2013, after which time she would move to Florida to live with Simon. The settlement made provision for visitation, travel expenses, and contact between Nora and Lone, but stated, "This agreement does not regulate the parties' rights and obligations related to child support."

On February 28, 2013, Simon filed a motion to dismiss Lone's appeal, which a three-judge panel of this court denied on June 18, 2013. The panel also denied the parties' requests for attorney fees or sanctions.

Analysis

Lone argues that paragraphs 7 and 8 of the trial court's June 13, 2012, order on relocation constitute a "blanket denial of access to the court" and asks that they "be vacated and stricken from the order." She contends that these provisions have prevented her from pursuing necessary adjustments or modifications to child support. Simon counters that because "[n]o party lives, works or does business in Washington," there is a "lack of jurisdiction" and this court should affirm the trial court's order. Alternatively, he argues that the appeal should be dismissed for mootness or forum non conveniens.

As an initial matter, we note that the Washington Constitution grants broad original subject matter jurisdiction to the superior court, which includes "all matters" of dissolution.[6] "The critical concept in determining whether a court has

---

[6] WASH. CONST. art. IV, § 6. "The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court."

-6-

subject matter jurisdiction is the type of controversy."[7] "If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction."[8] It is important not to confuse the term "subject matter jurisdiction" with a court's authority to rule in a particular matter.[9] "The UCCJEA, as adopted by the Washington legislature, does not—and cannot—divest a superior court of subject matter jurisdiction" over custody matters.[10] As for child support, by adopting the Uniform Interstate Family Support Act (UIFSA), chapter 26.21A RCW, "[t]he legislature has limited the superior court's authority—not the superior courts' jurisdiction—to modify another state's child support order."[11]

We must decide whether the trial court appropriately declined to exercise further its statutory authority to rule on issues related to a matter within its constitutional subject matter jurisdiction:  the Pedersens' dissolution.  This really involves two issues:  custody and child support.  These involve mixed questions of law and fact; we review a trial court's denial of a motion for reconsideration for abuse of discretion[12] and a trial court's findings for substantial evidence.[13] A

---

[7] Cole v. Harveyland, LLC, 163 Wn. App. 199, 209, 258 P.3d 70 (2011).
[8] Cole, 163 Wn. App. at 209 (citing Marley v. Dep't of Labor & Indus., 125 Wn.2d 533, 539, 886 P.2d 189 (1994)); see also Hous. Auth. v. Bin, 163 Wn. App. 367, 377, 260 P.3d 900 (2011).
[9] Marley, 125 Wn.2d at 539.
[10] In re Marriage of McDermott, 175 Wn. App. 467, 479, 307 P.3d 717, review denied, No. 89196-6 (Wash. Dec. 11, 2013).
[11] In re Marriage of Schneider, 173 Wn.2d 353, 360, 268 P.3d 215 (2011).
[12] Brinnon Grp. v. Jefferson County, 159 Wn. App. 446, 485, 245 P.3d 789 (2011) (citing Lilly v. Lynch, 88 Wn. App. 306, 321, 945 P.2d 727 (1997)).
[13] State v. Ross, 106 Wn. App. 876, 880, 26 P.3d 298 (2001).

court abuses its discretion when its decision is manifestly unreasonable or based upon untenable grounds or reasons.[14] Substantial evidence exists if it is sufficient to persuade a fair-minded, rational person of the truth of the matter asserted.[15] A superior court's subject matter jurisdiction and statutory authority are questions of law which we review de novo.[16]

### Mootness and Forum Non Conveniens

Simon contends that we should dismiss Lone's appeal based on mootness. "An appeal is moot where it presents purely academic issues and where it is not possible for the court to provide effective relief."[17] The disputed issue of child support in this case is not moot, and should we find error in the trial court's orders, we can still provide effective relief.

Simon also argues the appeal should be dismissed based on forum non conveniens. We disagree. Under this doctrine, which the UCCJEA incorporates, a court of this state may defer to the jurisdiction of a court of another state

> at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or request of another court.[18]

---

[14] State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

[15] State v. Levy, 156 Wn.2d 709, 733, 132 P.3d 1076 (2006) (quoting State v. Mendez, 137 Wn.2d 208, 214, 970 P.2d 722 (1999)).

[16] Schneider, 173 Wn.2d at 358 (citing Okeson v. City of Seattle, 150 Wn.2d 540, 548-49, 78 P.3d 1279 (2003)); McDermott, 175 Wn. App. at 479.

[17] Klickitat County Citizens Against Imported Waste v. Klickitat County, 122 Wn.2d 619, 631, 860 P.2d 390 (1993), 866 P.2d 1256 (1994).

[18] RCW 26.27.261(1).

While the doctrine of inconvenient forum may apply to custody issues under the UCCJEA, it does not apply to the issue of child support in this case. "UIFSA is designed to facilitate registration and enforcement of decrees in non-issuing states. As such, it inherently contemplates that the forum may not be convenient for all parties."[19] We decline to dismiss this appeal on either mootness or forum non conveniens grounds.

The UCCJEA and Child Custody

Under the UCCJEA, Washington courts may properly exercise jurisdiction to enter an initial child custody determination when Washington is the child's "home state."[20] "'Home state' means the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding."[21] "[O]nce jurisdiction is acquired over the subject matter and the parties in a dissolution of marriage action, jurisdiction over the parties and jurisdiction to modify child placement decisions, awards of spousal maintenance, and child support generally continue."[22] A court that has made a valid initial custody determination has exclusive, continuing jurisdiction until

> (a) A court of this state determines that neither the child, the child's parents, and any person acting as a parent do not have a

[19] In re Marriage of Owen, 126 Wn. App. 487, 504, 108 P.3d 824 (2005).
[20] RCW 26.27.201.
[21] RCW 26.27.021(7).
[22] In re Marriage of McLean, 132 Wn.2d 301, 305, 937 P.2d 602 (1997); Teitzel v. Teitzel, 71 Wn.2d 715, 718, 430 P.2d 594 (1967); Sherwood v. Sherwood, 48 Wn.2d 128, 130, 291 P.2d 674 (1955); Harris v. Harris, 71 Wash. 307, 308-09, 128 P. 673 (1912).

significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

(b) A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.[23]

For purposes of the UCCJEA, Washington courts treat a foreign country as if it were a state of the United States.[24]

At the time of the October 2011 hearing on relocation, Washington was the home state of Simon, Lone, and Nora. In its November 2011 order on relocation, the court noted that it had exclusive, continuing jurisdiction under RCW 26.27.211, having previously made a child custody determination. But in paragraphs 7 and 8 of its June 13, 2012, order, the trial court appeared to make both of the determinations described in RCW 26.27.211: that after July 5, 2012, the parties no longer would have a significant connection with this state and that no party would reside in this state. For purposes of the UCCJEA, however, Washington remained Nora's home state until January 5, 2013: the six-month mark of Nora's residency in Norway.

On February 14, 2013, the Oslo District Court issued its order modifying custody, which neither Lone nor Simon has challenged. On July 21, 2013, Nora left Norway to live with Simon in Florida, which will be her new home state for purposes of the UCCJEA on January 21, 2014. Given that the parties have consented to the jurisdiction of the Oslo District Court for custody purposes and

---

[23] RCW 26.27.211.
[24] RCW 26.27.051.

that no one lives in Washington anymore, the trial court properly decided to decline to further exercise its jurisdiction over matters related to Nora's custody.

UIFSA, Chapter 26.18 RCW, and Child Support

The trial court's orders, however, did not concern only custody under the UCCJEA; they also related to issues of child support. In the matter of child support enforcement, the trial court's orders regarding its jurisdiction are not consistent with the requirements of Washington law.

RCW 26.18.040(3) states, "The court retains continuing jurisdiction under this chapter until all duties of either support or maintenance, or both, of the obligor, including arrearages, have been satisfied." RCW 26.18.050(5) reiterates the court's continuing jurisdiction and provides that the court "may use a contempt action to enforce a support or maintenance order until the obligor satisfies all duties of support, including arrearages, that accrued pursuant to the support or maintenance order."

Under the UIFSA, a court of this state may exercise personal jurisdiction over a nonresident parent to establish or enforce a support order if the parent "resided with the child in this state."[25] In "two-state" child support proceedings, the UIFSA provides that one state has continuing, exclusive jurisdiction over the controlling order, with the goal of avoiding competing support orders and ensuring fulfillment of child support obligations.[26] To enforce this "one-order"

---

[25] RCW 26.21A.100(c).
[26] Schneider, 173 Wn.2d at 358-59.

system, the UIFSA provides that a parent may register an out-of-state order in Washington for enforcement and/or modification.[27] For support orders originating in Washington, RCW 26.21A.125 provides for continuing jurisdiction to enforce:

> (1) A tribunal of this state that has issued a child support order consistent with the law of this state may serve as an initiating tribunal to request a tribunal of another state to enforce:
>   (a) The order if the order is the controlling order and has not been modified by a tribunal of another state that assumed jurisdiction pursuant to the uniform interstate family support act; or
>   (b) A money judgment for arrears of support and interest on the order accrued before a determination that an order of other state is the controlling order.

Washington courts have held that the court that entered a decree of dissolution and child support order, i.e., the "controlling order,"[28] has continuing jurisdiction not only to enforce but also to modify its child support order.[29]

Here, the superior court's child support order is the controlling order. In his August 9, 2012, denial of Lone's motion for reconsideration, Judge Cowsert attempts to transfer jurisdiction to Norway, having "been advised that proceedings have been commenced in Norway," and Simon argues that "[b]oth parties acquiesced to the Norwegian Court taking jurisdiction over the issues of the child custody and support." However, the Oslo District Court explicitly ruled that its order did not address "the parties' rights and obligations related to child support." Nora now resides in Florida, but nothing in the record before us indicates that Florida has assumed jurisdiction. Thus, the record reflects no state

---

[27] Schneider, 173 Wn.2d at 359; RCW 26.21A.500-.570.
[28] See RCW 26.21A.120, .130.
[29] McLean, 132 Wn.2d at 305; Teitzel, 71 Wn.2d at 718; In re Marriage of Sagner, 159 Wn. App. 741, 748, 247 P.3d 444 (2011).

other than Washington has jurisdiction to enforce or modify the controlling support order. If Snohomish County Superior Court does not retain jurisdiction to enforce its order until another court assumes jurisdiction via registration or consent of the parties, no court has authority to enforce the parents' obligations. This would contravene the legislative intent expressed in chapter 26.18 RCW.[30]

Because both Simon and Lone resided with Nora in Washington, the superior court may exercise personal jurisdiction over either or both of them as nonresidents under RCW 26.21A.100(c). Alternatively, under RCW 26.21A.125, it may serve as an initiating tribunal to request a court of another state to enforce either its order or a judgment for arrears. And RCW 26.18.040(3) provides that the court retains continuing jurisdiction until all duties of support, including back support, are satisfied. We hold that the trial court erred in declining all further jurisdiction related to child support issues.

Attorney Fees

Lone requests an award of attorney fees and costs incurred in this appeal. As grounds for this request, she cites "Need vs. ability to pay. RCW 26.09.140. Simon's intransigence." Simon counters that a "need vs. ability to pay" analysis would support an award of costs and fees to him and that the record does not demonstrate intransigence on his part.

_____

[30] "The legislature finds that there is an urgent need for vigorous enforcement of child support . . . obligations, and that stronger and more efficient statutory remedies need to be established." RCW 26.18.010.

-13-

RCW 26.09.140 provides that "after considering the financial resources of both parties," the court may order a party to pay a "reasonable amount" of the costs and attorney fees of the other party. RCW 26.27.511 directs that the court "shall award the prevailing party . . . necessary and reasonable expenses." RCW 26.18.160 provides, "[T]he prevailing party is entitled to a recovery of costs, including an award for reasonable attorney fees," but specifies that "[a]n obligor may not be considered a prevailing party under this section unless the obligee has acted in bad faith." Under RAP 18.1, a party must request "the fees or expenses on review," "must devote a section of its opening brief to the request," and

> where applicable law mandates consideration of the financial resources of one or more parties regarding an award of attorney fees and expenses, each party must serve upon the other and file a financial affidavit no later than 10 days prior to the date the case is set for oral argument or consideration on the merits.[31]

In a footnote, Simon asserts that though he proceeded pro se, he incurred approximately $5,000 in fees for the assistance of an attorney in preparing his brief and offers to file an affidavit to support an award to him. In his brief, however, he does not specifically request an award of attorney fees but focuses instead on reasons this court should deny an award to Lone. Lone's stated grounds for an award—two sentence fragments without further support or argument—do not constitute adequate briefing of this issue. A "bald request for attorney fees on appeal" with no argument, citation to authority, or financial

---

[31] RAP 18.1(a)-(c).

documentation is insufficient.[32] Moreover, if Nora now lives with Simon in Florida, Lone is once again the obligor parent. In the absence of bad faith by Simon, which we do not find here, we may not consider her the prevailing party. Therefore, as both the superior court and a panel of this court did in earlier proceedings, we deny Lone's request and decline to award costs or attorney fees to either Lone or Simon for this appeal.

### Conclusion

The trial court correctly concluded that for child custody purposes, it no longer had continuing, exclusive jurisdiction after Nora, Lone, and Simon no longer resided in Washington. But because the trial court had jurisdiction over the parties and the subject matter in the Pedersens' dissolution and no other court has assumed jurisdiction via registration or consent of the parties, the trial court retains continuing, exclusive jurisdiction to enforce its child support order. We therefore reverse the trial court's orders declining to hear "any further motions in this case" and remand for further proceedings consistent with this opinion.

_Leach, C.J._

WE CONCUR:

---
[32] Thweatt v. Hommel, 67 Wn. App. 135, 148, 834 P.2d 1058 (1992).