[No. 22498–1–I.   Division One.   July 24, 1989.]

*In the Matter of the Marriage of* PATRICIA LINDSEY, *Appellant, and* CHRIS LINDSEY, *Respondent.*

*Philip A. Dunlap,* for appellant.
*Edward E. Gibson,* for respondent.

FORREST, J.—Patricia Lindsey appeals from the decree of dissolution which did not include a judgment for past due child support arrearages. We reverse and remand.

A temporary order was issued in the dissolution proceeding directing the husband to pay $530 per month in child support. Little was paid. At trial, the wife requested judgment for the child support arrearages. The court refused, stating "I'm not saying it's no longer owed. I'm just not going to put it in the decree." The court wanted to give the husband a "fresh start."

Temporary support installments become judgments as they fall due.[1] Temporary support orders terminate upon entry of the final decree.[2] Any support delinquencies do not survive entry of the final decree unless expressly mentioned within it.[3]

We find no reason to create distinctions between modification of temporary support arrearages and modification of permanent support arrearages. Indeed, they are treated identically under the Uniform Reciprocal Enforcement of Support Act.[4] Neither can be retroactively modified without a recognized equitable ground for relief. The following language from *In re Marriage of Hunter*[5] is equally applicable to temporary support:

> We are mindful of language in [*In re Marriage of*] *Watkins* [42 Wn. App. 371, 710 P.2d 819 (1985), *review denied*, 105 Wn.2d 1010 (1986)] which states that
>> the trial court . . . is authorized to consider and determine to what extent the parties should perform the duties imposed upon them by the decree of dissolution. After a hearing, the trial court may enter such an order

---

[1]*Furgason v. Furgason*, 1 Wn. App. 859, 860, 465 P.2d 187 (1970).

[2]Former RCW 26.09.060(7)(c).

[3]*Furgason*, at 861.

[4]*See* RCW 26.21.010(10).

[5]52 Wn. App. 265, 268–69, 758 P.2d 1019 (1988), *review denied*, 112 Wn.2d 1006 (1989).

as the court, in the exercise of its discretion, deems appropriate.

(Citation omitted.) *Watkins,* 42 Wn. App. at 373. However, we think that this characterization of the trial court's discretion is unduly broad. We note, first, that the cases cited in support of it antedate RCW 26.09.170, which provides that child support obligations may be modified "only as to installments accruing subsequent to the motion for modification". In light of this policy, we think that the trial court's power to, in effect, retrospectively modify a duty of support in an enforcement proceeding must be restrained within the framework of established "equitable principles." . . .

. . .

. . . *We hold that a trial court does not have unfettered discretion to relieve the payor from past due support payment. Rather, it must identify an equitable principle that justifies departure from the general rule that support obligations will not be modified retrospectively.*

(Italics ours.)

Our cases demonstrate that accrued delinquent temporary support may not be ignored. The court in *In re Marriage of Stout*[6] held that the Department of Social and Health Services should have been permitted to modify a decree of dissolution to provide judgment for accrued temporary support assigned to it by the custodial parent. In dealing with a similar problem, the court in *Furgason,* at 861, stated:

The plaintiff could have preserved her right to recover the $950 delinquent payment by bringing the matter to the attention of the trial court prior to the entry of the divorce decree. The court could have then taken the question into consideration in distributing the property of the parties and fixing the future obligation for support.

█ We hold that upon request before entry of the final decree, an obligee parent is entitled to a judgment for temporary support arrearages unless the trial court makes a

---

[6] 27 Wn. App. 306, 617 P.2d 461 (1980).

specific finding of fact stating that the support arrearage was properly considered in the property division, or that establishes a recognized basis for equitable relief. In the record before us there is no finding to justify denying the request for support arrearages, nor any tenable reason expressed in the judge's oral remarks supporting such denial. Hence, the judgment is reversed and remanded for calculation of the amount of accrued support delinquent on the date of trial and for entry of a judgment in that amount.

SWANSON, J., and REVELLE, J. Pro Tem., concur.