# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>HEIDI KAY KNOWLES,<br><br>Respondent,<br><br>and<br><br>JOSHUA ABRAM KNOWLES,<br><br>Appellant. | No. 51885-6-II<br><br><br><br>UNPUBLISHED OPINION |

MELNICK, J. — Joshua Knowles appeals a child support order entered after the dissolution of his marriage with Heidi Knowles. Joshua[1] argues that the trial court erred in determining his income and imputing his income when he was gainfully employed. He also argues the court abused its discretion in awarding back child support and attorney fees.

We reverse the award of back child support and remand for a recalculation of Joshua's income for the purpose of calculating child support and attorney fees.

## FACTS

Joshua and Heidi separated in 2016, and the court dissolved their marriage in 2018. Prior to separation, they lived in Kenya, where Joshua owned and managed Highmark Construction Company. After separation, Heidi moved back to Washington and filed a petition for dissolution.

---

[1] Since the parties have the same last name, we use the parties' first names to avoid confusion. We intend no disrespect.

Heidi moved for temporary orders on child support and maintenance. The court entered a temporary order that required Joshua to pay $400 in monthly support until more detailed financial information could be supplied.

In June 2017, after conducting discovery, Heidi moved to modify the temporary order. The parties had not filed taxes in the United States since 2013, so the financial information procured in discovery was in the form of personal and business bank statements, credit card statements, and profit and loss statements for Highmark Construction.

After considering the financial documentation, the court determined that Joshua made more than his claimed $1,300 a month, and "somewhat arbitrarily set his income at $6,000 a month." 2 Report of Proceedings (RP) at 134. The court deferred more in-depth accounting for trial and set Joshua's child support obligation at $1,275.20 a month.

Prior to trial, Joshua filed a financial declaration claiming he had monthly income of $2,968. At trial, Heidi introduced several spreadsheets as illustrative exhibits that related to Joshua's income. Joshua testified that Highmark Construction had a low profit margin despite large gross deposits, because construction involves a large cash flow.

The court issued oral rulings, saying "looking at this and all the bank statements and really running through it, I think that the wife has established Husband's net income at $8,000 per month." 6 RP 564.

The court also discussed its award of attorney fees.

> Regarding attorneys' fees. The Court looks at a number of things. The relative financial positions of each party. And also, in this case, the Court had a real concern about, basically, her being required to engage in protracted discovery because of some intransigence on his part. And I also believe, all things considered, that he does have greater earning potential now, and in the future, so based on that, I'm requiring that he pay $6,000 of Wife's attorneys' fees.

6 RP at 566

In the final child support order, the trial court did not make a written finding that Joshua's net monthly income was $8,000 as stated in its oral ruling. Instead, the order contained written findings that imputed a net monthly income of $8,000 to Joshua. Based on this figure and Heidi's income, the court set Joshua's monthly child support for two children at $1,633.13.

In making a finding on Joshua's income, the court stated that "[Joshua's] monthly net income is imputed because: this parent's income is unknown." Clerk's Papers (CP) at 1188. It imputed that amount because the "[b]usiness owned by Husband has grossed approximately $500,000.00 per year in last three years, Husband has travelled numerous times to the United States from Kenya, and has a large line of credit on his credit cards." CP at 1189.

The final order also includes a judgment for "Past due child support from October 1, 2016 to April 30, 2018" for $14,677.47. CP at 1193. The court calculated the judgment based on the difference between the support paid by Joshua between October 2016 and June 2017 ($400/month) and what he would have paid if support had been set at $1,633.13 plus the difference between the child support paid by Joshua between July 2017 to April 2018 ($1,275.20/month) and what he would have paid if support had been set at $1,633.13.

Joshua appeals.

## ANALYSIS

I. JOSHUA'S ACTUAL INCOME

Joshua argues that the court's factual finding that his monthly income is $8,000 is not supported by substantial evidence, because the number is based off Heidi's speculative calculations. He argues that the court should have used the amount he provided via testimony and by his financial declaration. Because the court made this finding as part of its oral ruling, and because it conflicts with the court's written finding, we do not consider it.

"[A] trial judge's oral decision is no more than a verbal expression of [her] informal opinion at that time. . . . It has no final or binding effect, unless formally incorporated into the findings, conclusions, and judgment." *Ferree v. Doric Co.*, 62 Wn.2d 561, 566-67, 383 P.2d 900 (1963). A trial court's "oral decision [is] not a finding of fact." *Ferree*, 62 Wn.2d at 567.

To the extent that Joshua is arguing that substantial evidence does not support the court's finding that, "I think that the wife has established Husband's net income at $8,000 per month," 6 RP at 564, we do not consider that oral ruling. It is contradicted by the court's written ruling that it was imputing his income at that amount. Because we review the court's written decision and not its oral pronouncement, we do not consider this issue.

II.     IMPUTED INCOME

Joshua argues that the court erred by imputing his income because RCW 26.19.071(6) requires the court to find that the parent is voluntarily underemployed to reduce their child support obligation prior to imputing income if the parent is gainfully employed on a full-time basis. We agree that the court erred.

A.      Legal Principles

We review child support orders for an abuse of discretion. *In re Marriage of Griffin*, 114 Wn.2d 772, 776, 791 P.2d 519 (1990). Discretion is abused when it is based on untenable grounds, including a misunderstanding of law. *Little v. King*, 160 Wn.2d 696, 703, 161 P.3d 345 (2007). A trial court's decision is based on untenable reasons if it applies an incorrect standard. *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997).

RCW 26.19.071(6) governs when and how a court can impute a parent's income:

The court shall impute income to a parent when the parent is voluntarily unemployed or voluntarily underemployed. The court shall determine whether the parent is voluntarily underemployed or voluntarily unemployed based upon that parent's work history, education, health, and age, or any other relevant factors. A

4

court shall not impute income to a parent who is gainfully employed on a full-time basis, unless the court finds that the parent is voluntarily underemployed and finds that the parent is purposely underemployed to reduce the parent's child support obligation. . . .  In the absence of records of a parent's actual earnings, the court shall impute a parent's income in the following order of priority:

(a) Full-time earnings at the current rate of pay;

(b) Full-time earnings at the historical rate of pay based on reliable information, such as employment security department data;

(c) Full-time earnings at a past rate of pay where information is incomplete or sporadic;

(d) Full-time earnings at minimum wage in the jurisdiction where the parent resides if the parent has a recent history of minimum wage earnings, is recently coming off public assistance, aged, blind, or disabled assistance benefits, pregnant women assistance benefits, essential needs and housing support, supplemental security income, or disability, has recently been released from incarceration, or is a high school student;

(e) Median net monthly income of year-round full-time workers as derived from the United States bureau of census, current population reports, or such replacement report as published by the bureau of census.

We have interpreted RCW 26.19.071 to allow imputation of "unknown" income when a parent's "deceptions made [his or her] income impossible to ascertain."  *In re Marriage of Dodd*, 120 Wn. App. 638, 645-46, 86 P.3d 801 (2004).  The trial court, as the trier of fact, determines whether a parent's claim of income is credible.  *In re Marriage of Didier*, 134 Wn. App. 490, 498, 140 P.3d 607 (2006).  The underlying purpose of the statute allows the trial court to treat a parent who "conceals income in order to escape his or her support obligation as voluntarily underemployed or voluntarily unemployed for purposes of imputing income under RCW 26.19.071(6)."  *Dodd*, 120 Wn. App. at 645.

B.      Analysis

Pursuant to *Dodd* and *Didier,* we must determine that Joshua's deceptions or concealment made his income impossible to ascertain before imputing.  However, the court merely wrote that it imputed Joshua's income because "[Joshua's] income is unknown."  CP at 1188.  It did not make

a finding that it considered Joshua underemployed because of any concealment or untruthfulness on his part, and the record does not support such a finding.

We cannot affirm the imputation because it is not adequately supported by the record or by the court's written findings. On remand, the court can make a written finding as to Joshua's actual income, or impute income, if it finds proper support for imputation, by applying the statutory priorities in RCW 26.19.071(6).

III.     BACK CHILD SUPPORT

Joshua argues that the trial court erred when it wrote a start date of October 1, 2016 in the final child support order, because it created two years of back support, which is an impermissible retroactive modification. We agree.

A.     Legal Principles

We review child support orders for an abuse of discretion. *Griffin*, 114 Wn.2d at 776. Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *Littlefield*, 133 Wn.2d at 46-47.

"Except as otherwise provided in RCW 26.09.070(7), the provisions of any decree respecting maintenance or support may be modified . . . [o]nly as to installments accruing subsequent to the petition for modification or motion for adjustment." RCW 26.09.170(1). RCW 26.09.170(1) "reflects long-settled law in this state that a modification of child support may not operate retroactively." *In re Marriage of Shoemaker*, 128 Wn.2d 116, 121, 904 P.2d 1150 (1995).

Temporary support installments become judgments as they fall due and a temporary order for child support terminates when the final decree is entered. *In re Marriage of Lindsey*, 54 Wn. App. 834, 835, 776 P.2d 172 (1989); RCW 26.09.060. There is no "distinction[] between modification of temporary support arrearages and modification of permanent support arrearages. .

6

. . Neither can be retroactively modified without a recognized equitable ground for relief." *Lindsey*, 54 Wn. App. at 835.

B.     Retroactivity

In *Lindsey*, the court issued a temporary order directing the husband to pay child support. The husband did not make complete payments. At trial, the court denied the wife's request for a judgment for the child support arrearages. *Lindsey*, 54 Wn. App. at 835. The wife appealed the denial of judgment. On appeal, the court determined that the trial court's decision to relieve the husband of his obligation constituted an impermissible modification of past due judgments. *Lindsey*, 54 Wn. App. at 835-36.

Here, as in *Lindsey*, each temporary support installment became a judgment as it became due. Unlike the husband in *Lindsey*, Joshua timely satisfied those judgments by paying the full amount required under the temporary orders. When the trial court ordered Joshua to pay the difference between the amount already paid under the temporary order and the amount set in the final decree, it retroactively modified the judgments already satisfied. It cannot take this action.

C.     Equitable Powers

Heidi argues that the court exercised its equitable powers in preserving the issue of back support for final determination at trial, and subsequently awarding back support. She argues that because the final order vacated and replaced the temporary order "and the rights of the parties are left as though no such judgment had ever been entered," the court was within its discretion and equitable powers to issue a final order to change the effective dates of the child support payments. Br. of Resp't at 18. We disagree with Heidi.

In limited cases a court may use its equitable powers to create a child support obligation after the need for support arises. *Shoemaker*, 128 Wn.2d at 123. However, the court "'must

identify an equitable principle that justifies departure from the general rule that support obligations will not be modified retrospectively.'" *Lindsey*, 54 Wn. App 836 (emphasis omitted) (quoting *In re Marriage of Hunter*, 52 Wn. App. 265, 269, 758 P.2d 1019 (1988)).

Here, the court retroactively modified a support obligation. It did not identify an equitable principle in either oral or written findings to justify the departure from the rule against retrospective modifications. Therefore, the court abused its discretion in retroactively modifying a support order.

IV.     ATTORNEY FEES IN TRIAL COURT

Joshua argues that the court erred when it awarded attorney fees to Heidi based on the grounds that he had the ability to pay them. He argues that because the trial court erred in setting Joshua's income at $8,000, it erred in concluding that Joshua had the ability to pay attorney fees. Because we reverse the court's determination of Joshua's income, attorney fees should be reconsidered on remand.

V.      ATTORNEY FEES ON APPEAL

Heidi argues that she is entitled under RCW 26.09.140 and RAP 18.1(a) to all fees and costs associated with responding to this appeal.

RAP 18.1 allows us to grant a party reasonable attorney fees or expenses if an applicable statute permits. RCW 26.09.140 permits a court to order a party to pay a reasonable amount for the cost to the other party of maintaining or defending a proceeding related to a dissolution, after considering the financial resources of both parties. In a proceeding that considers the financial needs of the parties when awarding attorney fees and costs, RAP 18.1(c) requires the parties to file a financial affidavit at least 10 days prior to the date for consideration. The parties did not file the required affidavits. Therefore, we do not consider attorney fees on appeal.

We reverse the award of back child support and remand for a recalculation of Joshua's income for the purpose of calculating child support and attorney fees.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Maxa, C.J.

Glasgow, J.