IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Parenting and Support of A.A. | No. 86960-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — Abay Kennedy appeals several orders entered in the proceedings to determine a parenting plan and child support obligations for his daughter. We affirm the terms of the parenting plan and child support order but reverse the discovery sanctions and remand for a new determination as to sanctions. We also remand for entry of findings of fact and conclusions of law relating to the trial court's award of attorney fees to Gebre.

FACTS

A.A. was born on August 27, 2021 to parents Abay Kennedy and Meron Gebre. Kennedy and Gebre separated in April 2022, when Gebre left the shared residence for a domestic violence shelter, taking A.A. with her. In June 2022, Kennedy initiated proceedings to establish a parenting plan, residential schedule, and child support. The court entered a temporary child support order and a temporary parenting plan in August 2022.

The trial was originally set for May 2023. In February 2023, Gebre moved for a continuance because the parties had not yet received the Family Court Services (FCS) evaluation or engaged in required mediation. Gebre was awaiting receipt of the FCS report in order to conduct additional discovery and mediate. The court granted the motion and continued the trial to July 2023.

In April 2023, Gebre filed a motion to compel discovery alleging that Kennedy had not complied with the September 29, 2022 discovery due date. According to Gebre, Kennedy failed to answer interrogatories and respond to the requests for production in full. The trial court granted the motion to compel, ordering Kennedy to produce discovery within seven days or pay a fine of $25 per day to Gebre until fully complying with discovery. The court also awarded Gebre her attorney fees in an amount to be determined at trial.

During a June 2023 pretrial hearing, the court continued the trial to October because the parties had not yet mediated as required and the parties were not ready for trial. FCS completed its parenting plan evaluation in August 2023, recommending joint decision making and that the child should reside with Gebre and spend Wednesday overnight and every other weekend with Kennedy. After receiving the report, Kennedy attempted to schedule the mandatory mediation. Gebre, who did not have representation at that time, refused to mediate until Kennedy had remedied several alleged discovery deficiencies. Kennedy raised Gebre's refusal to mediate at the pretrial hearing in September 2023. The court continued the case to January 2024 and warned Gebre that mediation was required and her failure to comply would result in financial sanctions. Soon after the hearing, Kennedy filed a motion to waive or compel mediation

2

as well as sanctions and attorney fees. The court waived the mediation requirement and reserved for trial Kennedy's request for attorney fees. The court subsequently granted an additional continuance because Gebre was still without representation and unprepared for trial.

The matter went to trial in April 2024. At that time, Gebre was represented by counsel but Kennedy was pro se. When trial started, Kennedy had not provided updated financial records for the first months of 2024. The court allowed Kennedy to provide updated financial information before the second day of trial. Kennedy testified that he had no income beginning January 1, 2024. Kennedy explained that he owned a medical transportation business, Angel Medtrans, LLC, but the sole client had not renewed its contract with the company for 2024. According to Kennedy, Angel Medtrans had not entered into any new contracts and had laid off all employees. Kennedy had been "exploring more opportunities" since the contract expired at the end of 2023 and he would apply for jobs if no other opportunities were available. Kennedy also owned a business named "findool" that he claimed did not generate income.

After three days of testimony, the trial court expressed concerns about the toxic communication between the parents and their inability to work together to parent. The court ordered the residential schedule suggested by the FCS report, A.A. would live with Gebre and spend Wednesday overnight and every other weekend with Kennedy. However, the court departed from the recommendations about decision-making. In its findings of fact and conclusions of law, the court found that "both parties have engaged in a condescending and pugnacious communication style with one another as well, and their toxic communication style has eroded their ability to co-parent [A.A.]." Additionally,

Kennedy "has consistently displayed a relentless and combative communication style with the individuals, professionals, and entities who are integral to Ms. Gebre's ability to provide a stable, consistent, and healthy lifestyle to [A.A.]." Specifically, the court cited Kennedy's "threatening and antagonistic communication style" with day care providers as a "dislocation of trust because this type of conduct serves only to destabilize [A.A.]." The court further stated:

> it is concerning that Mr. Kennedy fails to acknowledge the harmful impact his own vitriolic communications have had on his independent relationship with those very individuals providing care to his daughter and how, by extension, his beliefs, attitude, and conduct may contribute to destabilizing [A.A.'s] routine and stability. The Court finds stable daycare and health care providers are critical to Ms. Gebre's survival and, by extension, to [A.A.'s] well-being and success. For these reasons, the Court finds Mr. Kennedy's current and historic communication style unjustifiably threatening and rises to the level of an abusive use of conflict. RCW 26.09.191.

Due to this finding of abusive use of conflict, the trial court limited medical and educational decisions to Gebre but allowed joint decision-making for all other major decisions.

In considering child support, the court cited several issues with Kennedy's financial documentation:

> Mr. Kennedy did not provide the court reliable and consistent information regarding his true income. Mr. Kennedy failed to timely comply with discovery requests. Mr. Kennedy failed to timely comply with LFLR 10. Mr. Kennedy failed to provide a 2023 tax return. Mr. Kennedy provides no objective information regarding his income from Findool other than his testimony that he has no income from it. Mr. Kennedy did not provide the court updated bank statements and credit cards statement until the second day of trial, and he was unable to reasonably explain the incongruency in the account numbers of the statements.

The court also found that Kennedy "did not testify credibly regarding his income." Based on Kennedy's contradictory testimony and failure to timely disclose financial documents

4

without explanation the court determined that "[i]t is reasonable to infer that he likely has more access to income and assets than he has disclosed, and that he is deliberately trying to reduce his income for purposes of reducing his child support obligation." The court calculated Kennedy's net monthly income as $25,720.94, "based on deposits to his bank accounts from June 2023 through December 2023 as well as expenses as set forth in his credit card and bank statements," and entered a child support order requiring him to pay $1,525.81 each month. The court also awarded Gebre a judgment of $8,950 in sanctions and $700 in attorney fees against Kennedy for his failure to timely comply with discovery.

Kennedy filed a motion for reconsideration, claiming that he had uploaded his 2023 tax returns and paystubs in a timely manner before trial and that those financial documents demonstrated a significantly lower income than the court attributed to him in the child support order. He also argued that the court erred by imposing RCW 26.09.191 limitations and excessive discovery sanctions. Kennedy attached proof that he had uploaded the documents prior to trial and his 2023 tax return as exhibits to his declaration in support of his motion for reconsiderations.

On reconsideration, the trial court noted that Kennedy did not timely provide Gebre with his 2023 tax returns as part of discovery and did not include the tax return on the joint statement of evidence for the trial. However, the trial court also stated that Kennedy had provided compelling evidence in support of his assertion that he had uploaded the documents for trial, and "ignoring the 2023 tax return would place the parties in a more precarious position and would result in a child support calculation that disregards available evidence." The court granted reconsideration of the child support

order but denied any request to reconsider the parenting plan or the sanctions. The court adjusted Kennedy's monthly income to $3,080.00 and ordered him to pay child support of $557.23 each month.

Gebre filed a motion for reconsideration of the new final child support order entered on reconsideration. She cited the deficiencies in the financial records produced by Kennedy and payments to his business made in January and February 2024 despite his assertions that he did not earn income from his AngelMed business. Kennedy filed a motion to correct overdue child support payments, arguing that the trial court had backdated the original child support payment to September 1, 2023 but had not updated the overdue child support payments to reflect the reduced monthly obligation. He requested that the court recalculate the overdue support payments based on the corrected income and new effective date of May 1, 2024 for commencement of payments and either refund or credit the overpayment. Kennedy subsequently moved the court to find Gebre in violation of the August 2022 temporary child support order by claiming their child for both the 2022 and 2023 tax years.

Kennedy filed a notice of appeal with this court on July 17, 2024.

In August 2024, the trial court issued an order on second reconsideration, addressing both Gebre's motion and Kennedy's request for reconsideration of the ruling on overdue child support and "sanctions and other financial provisions." The court questioned Kennedy's previous tax filings listing himself as both a W2 employee and the sole proprietor of Angel Medtrans and found that the depreciation expenses do not impact household income available for child support. As a result, the court reduced the claimed business expenses which increased Kennedy's gross income total for 2023.

6

The court also noted payments made to Angel Medtrans in January and February 2024, despite Kennedy's statements that he intended to close his business. In light of this evidence the court made an express credibility determination. "The Court previously did find and continues to find that Mr. Kennedy has not been forthcoming and credible regarding his income." The court recalculated Kennedy's child support obligation and ordered him to pay $983.50 per month. The court entered an order granting Gebre's motion and denying Kennedy's motion to reconsider overdue support and sanctions.[1]

The court subsequently denied Kennedy's motion for sanctions due to Gebre's violation of child tax credit provision of the temporary child support order. The trial court explained that the temporary child support was no longer in effect and the request was precluded by *res judicata* because Kennedy should have litigated the issue during the previous reconsideration related to child support. Kennedy filed an amended notice of appeal for this decision and the order on child support entered after Gebre's motion for reconsideration.

DISCUSSION

Kennedy asserts that the trial court erred in restricting his decision-making, setting child support, imposing discovery sanctions and attorney fees, and denying

---

[1]Kennedy claims that the trial court did not have authority to enter the third order of child support because this court had already accepted review. "[A]fter review is accepted by the appellate court, the trial court has authority to act in a case only to the extent provided in this rule." RAP 7.2(a). For postjudgment actions to change or modify a decision, the trial court decides the issues then "[i]f the trial court determination will change a decision then being reviewed by the appellate court, the permission of the appellate court must be obtained prior to the formal entry of the trial court decision." RAP 7.2(e)(2). Permission should be sought through a motion brought by one of the parties. RAP 7.2(e)(2). While no party sought permission for the trial court to enter the orders filed after this court accepted the appeal, we now grant permission and review.

sanctions against Gebre for her violation of the temporary child support order.

Final Parenting Plan and Child Support Order

Kennedy challenges the parenting plan and the final child support order entered after the second reconsideration. We review a trial court's parenting plan for an abuse of discretion. In re Marriage of Katare, 175 Wn.2d 23, 35, 283 P.3d 546 (2012). We also review a trial court's decision on child support for abuse of discretion. In re Marriage of Fiorito, 112 Wn. App. 657, 663, 50 P.3d 298 (2002).[2] "An abuse of discretion occurs when a decision is manifestly unreasonable or based on untenable grounds or untenable reasons." Katare, 175 Wn.2d at 35. "Credibility determinations are peculiarly matters for the trier of fact and may not be second-guessed by an appellate court." Minehart v. Morning Star Boys Ranch, Inc., 156 Wn. App. 457, 464, 232 P.3d 591 (2010). We treat the court's findings of fact as verities if they are supported by substantial evidence which is sufficient to persuade a fair-minded person of the truth of the matter asserted. Katare, 175 Wn.2d at 35. Additionally, "unchallenged findings of fact are verities on appeal." In re Est. of Jones, 152 Wn.2d 1, 8, 93 P.3d 147 (2004).

A. *Child Support Order*

Kennedy asserts various ways in which the trial court failed to properly calculate

---

[2] Gebre notes that Kennedy only designated partial reports of proceeding and argues that this should preclude review of many of the issues. "[T]he appellant bears the burden of complying with the Rules of Appellate Procedure ("RAP") and perfecting his record on appeal so the reviewing court has before it all the evidence relevant to deciding the issues before it." Rhinevault v. Rhinevault, 91 Wn. App. 688, 692, 959 P.2d 687 (1998). Under RAP 9.2(b), the appellant must arrange for the transcription of all portions of the verbatim report of proceedings necessary to review the issues on appeal. "If the party seeking review intends to urge that a verdict or finding of fact is not supported by the evidence, the party should include in the record all evidence relevant to the disputed verdict or finding." RAP 9.2(b). We will review Kennedy's arguments as to the court's alleged abuses of discretion to the extent possible with the limited record.

his child support obligations, including claims that the court failed to base the support calculation on his net income, erred in its calculations of his 2023 and 2024 income, and improperly relied on bank statements rather than pay stubs. However, the record demonstrates that the trial court struggled to determine Kennedy's income due to the incomplete financial documentation and inconsistent statements and relied on its negative assessment of his credibility when establishing his income and ordering the support obligation.

In the initial findings of fact the trial court evaluated Kennedy's testimony pertaining to his income and concluded, "Mr. Kennedy was not consistent in his testimony regarding his income and the Court does not find him credible in this regard." Because Kennedy had not timely provided updated financial documents as required by LFLR 10, the court based his income on deposits to his bank accounts from June 2023 through December 2023 and the expenses established by his credit card and bank statements.

Although Kennedy eventually provided his 2023 income tax return, the trial court continued to doubt Kennedy's credibility as to his income. The trial court stated:

> Mr. Kennedy owns multiple businesses. He failed to timely provide the court objective evidence of his income consistent with LFLR 10. However, on Reconsideration, he provided the Court his 2023 income tax records showing that he is both a W2 employee and a sole proprietor of the same business. In 2023, the Court finds Mr. Kennedy's <u>monthly</u> gross income totaled $26,444.42.
> Mr. Kennedy testified that his business stopped operating in late 2023. He now indicates (in a separate motion/affidavit) that he is currently looking for employment. The Court finds his business bank statements (for Jan-Feb 2024) show 2024 deposits of $79,434 (which amount is greater than the amount otherwise imputed to him under the table). Mr. Kennedy was not consistent in his testimony regarding his income and the Court does not find him credible in this regard.

9

The end result of the court's consideration of Kennedy's financial documents is a negative credibility determination and doubts about the veracity of Kennedy's financial disclosures. We will not second-guess the trial court's assessment of credibility. See Minehart, 156 Wn. App. at 464. The court's clear skepticism led to its disregard of Kennedy's explanations as to his financial situation. In light of the court's distrust of Kennedy's financial reporting, we cannot say that the child support calculation was an abuse of discretion.

*B. Decision-Making Authority*

Kennedy contends that the trial court erred by granting sole decision-making authority over education and medical issues to Gebre, "ignoring RCW 26.09.187(2) and the FCS report recommending shared decision-making." We disagree.

In establishing a parenting plan, the court must determine the allocation of decision-making authority between the parents. RCW 26.09.187(2). The court must order sole decision-making to one parent when a limitation on the other parent is mandated by RCW 26.09.191. RCW 26.09.187(2)(b). A finding of abusive use of conflict that "creates the danger of serious damage to the child's psychological development" is an RCW 26.09.191 restriction that allows the trial court to limit any provisions of a parenting plan. Former RCW 26.09.191(3)(e) (2024).

Kennedy asserts that the FCS report found no abusive use of conflict by either parent and "without substantial evidence of harm, limitations are improper." However, citing RCW 26.09.191, the trial court found "Mr. Kennedy's current and historic communication style unjustifiably threatening and rises to the level of an abusive use of conflict." The trial court noted with concern the "vitriol and combativeness" of Kennedy's

10

communication with A.A.'s daycare and found that Kennedy's communications style threatened the stability of daycare and healthcare providers which were critical to A.A.'s well-being. As a result, the court determined that Kennedy "uses conflict in a way that may cause serious damage to the psychological development."

Kennedy does not challenge these findings and, therefore, they are verities on appeal. See Est. of Jones, 152 Wn.2d at 8. The findings provide substantial evidence to support the RCW 26.09.191 limitations. Due to the limitations against Kennedy, the trial court had the authority to order sole decision-making to Gebre. Former RCW 26.09.187(2)(b) (2024). Therefore, the trial court did not abuse its discretion by limiting Kennedy's decision-making authority.

## Child Tax Credit

Kennedy also argues that the trial court erred by denying his motion to find that Gebre violated the temporary child support order and declining to sanction her for her violation. We disagree.

"If a parent fails to comply with a child support order, then a court may hold that parent in contempt." In re Marriage of Didier, 134 Wn. App. 490, 500, 140 P.3d 607 (2006). We review a trial court's decision on contempt proceedings for abuse of discretion. In re Marriage of Eklund, 143 Wn. App. 207, 212, 177 P.3d 189 (2008).

The trial court determined that Kennedy could not assert a violation of the temporary parenting plan because the order was no longer in effect. Temporary support orders terminate upon entry of the final order of support. Lindsey v. Lindsey, 54 Wn. App. 834, 835, 776 P.2d 172 (1989); RCW 26.09.060(10)(c). Thus, the temporary child support order terminated as of entry of the first final support order on May 3, 2024 and

11

Kennedy could no longer raise claims related to the terminated order.

Discovery Sanctions

Kennedy next contends that the trial court imposed disproportionately harsh and unjust sanctions for his brief delay in completing his discovery obligations. We conclude that the record is unclear as to the behavior sanctioned by the trial court and, therefore, imposition of the sanctions was an abuse of discretion.

The trial court has broad discretion in its choice of discovery sanctions. Rivers v. Wash. State Conf. of Mason Contractors, 145 Wn.2d 674, 684, 41 P.3d 1175 (2002). We will not disturb an order on discovery sanctions without a showing of abuse of discretion. Id. The trial court's reasons should be clearly stated on the record to allow for meaningful review on appeal. Id. at 685.

In April 2023, the trial court ordered Kennedy to fully respond to the first set of interrogatories and requests for production propounded on September 29, 2022. Failure to comply within seven days would result in a fine of $25 per day commencing on the eighth day and accruing until full and complete discovery was provided. Gebre filed a motion for discovery sanctions in March 2024, asserting that Kennedy had not provided his financial documents and requesting a sanction of $25 for 330 days of delay amounting to $8,250. The motion did not provide details or descriptions of the missing documents. Kennedy responded with exhibits indicating that he had satisfied the original discovery request by June 2, 2023, provided clarification for any alleged remaining deficiencies in August 2023, and answered new discovery requests as they arose. The exhibits also included a January 2024 email from Gebre's counsel requesting the last six months of bank statements from his bank account, which "should

wrap up discovery," and evidence that Kennedy provided those statements on Monday January 8, 2024.

When trial started in April 2024, Kennedy had not properly submitted his updated financial records for January, February, and March to the court as required by LFLR 10.[3] The trial court allowed Kennedy to provide these documents prior to the second day of trial, noting "[w]e can address any requests for a sanction at the end of trial regarding this issue."

At the conclusion of the trial, the court assessed discovery sanctions. "Mr. Kennedy was not entirely forthcoming about his income. He failed to timely comply with discovery requests, and the Court is granting the judgment for $8,950 plus $750 in attorney's fees against Mr. Kennedy per [the order on motion to compel]."

Additionally, the court awarded $700 in attorney fees against Kennedy because Gebre's counsel was required to review the updated financial documents during trial. The findings of fact and conclusion of law state that the court granted Gebre's "request for a judgment in the amount of $8,950 plus $700 in attorneys fees against Mr. Kennedy for his failure to timely comply with discovery. . . Mr. Kennedy's failure created significant confusion and delayed the resolution of these proceedings."[4]

---

[3] In King County Superior Court, LFLR 10 requires parties to a child support proceeding to file a financial declaration and supporting documents including pay stubs for the past six months, tax returns for two years, and financial account statements for the past six months.

[4] We note that the trial court's documentation of the sanction and attorney fee awards is inconsistent. Gebre's motion for sanctions requested a judgment of $8,250 and undefined attorney fees, without any accompanying evidence of the attorney fees incurred. The trial court awarded more than Gebre requested without providing any information as to how it arrived at the amount. In its oral findings after trial, the court appears to have imposed two separate awards for attorney fees–$750 for the order to compel and $700 for counsel's review during trial. However, the child support order and supporting findings of fact only include the $8,950 sanction and $700 in attorney fees. The $750 in attorney fees for the motion to compel appears only in the oral ruling by the court at the conclusion of the trial.

Based on the amount and attribution of the award to the order on motion to compel, the trial court appears to have imposed sanctions for an ongoing discovery violation from the April 2023 order until trial. However, the order required complete discovery and sanctions for delay for the first set of discovery requests propounded in September 2022. The failure to produce financial documents from January, February, and March 2024, not in existence at the time of the first interrogatories and requests for production, is a violation of LFLR 10, rather than a discovery violation sanctionable under the 2023 order to compel.

The trial court appears to have conflated two separate discovery issues. To properly assess the sanctions resulting from delayed compliance with the order to compel, the trial court should have determined if and when Kennedy had satisfied the first set of discovery requests and calculated the fine accordingly. In addition, Kennedy's failure to update the financial documents prior to trial may have amounted to a violation of LFLR 10 that warrants a separate sanction. However, the record must be clear as to each sanction. See Rivers, 145 Wn.2d at 685. The trial court failed to establish the extent of Kennedy's violation of the order to compel and distinguish between the sanctionable conduct related to the order to compel and LFLR 10. We reverse and remand for a new determination as to sanctions with specific findings on the record.

## Attorney Fees

*A. Attorney Fees Awarded by the Trial Court*

The trial court ordered Kennedy to pay $700 in attorney fees because Gebre's counsel was required to review updated financial documents during trial.[5] Kennedy contends that the trial court abused its discretion by "selectively enforcing procedural rules" and ignoring "misconduct" by Gebre when awarding attorney fees against him. Although we disagree with Kennedy's assertion that the trial court was required to consider Gebre's conduct imposing attorney fees as a sanction, we conclude that the trial court did not provide an adequate record for us to properly evaluate the reasonableness of the amount awarded.

"Under Washington law, a trial court may grant attorney fees only if the request is based on a statute, a contract, or a recognized ground in equity." Gander v. Yeager, 167 Wn. App. 638, 645, 282 P.3d 1100 (2012). The court may award attorney fees for a discovery violation. Magana v. Hyundai Motor Am., 167 Wn.2d 570, 592-93, 220 P.3d 191 (2009). An appellate court reviews the amount of attorney fees awarded for abuse of discretion. Ethridge v. Hwang, 105 Wn. App. 447, 460, 20 P.3d 958 (2001). "A trial judge is given broad discretion in determining the reasonableness of an award, and in order to reverse that award, it must be shown that the trial court manifestly abused its discretion." Id. The trial court must enter findings of fact and conclusions of law supporting the award of attorney fees. Magana, 167 Wn.2d at 593.

Here, the trial court appears to have awarded $700 in attorney fees as a sanction

---

[5] Again, the court's oral ruling included $750 in attorney fees for the motion to compel. This award appears to have been omitted from the judgment and, therefore, not owed by Kennedy.

for Kennedy's failure to comply with LFLR 10. The court made no inquiries into the number of hours required for counsel to review the late financial documents or counsel's hourly rate. Without any findings of fact we cannot determine whether $700 was a reasonable sanction. We thus remand for entry of findings of fact and conclusions of law relating to the trial court's award of attorney fees to Gebre. See Mullor v. Renaissance Ridge Homeowners' Assoc., 22 Wn. App. 2d 905, 920, 516 P.3d 812 (2022).

*B. Attorney Fees on Appeal*

Gebre requests attorney fees on appeal pursuant to RAP 18.9(a), which "permits an appellate court to award a party attorney fees as sanctions, terms, or compensatory damages when the opposing party files a frivolous appellate action." Advocs. for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd., 170 Wn.2d 577, 580, 245 P.3d 764 (2010). An appeal is frivolous if it "presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal." Id. Given our decision to reverse the discovery sanctions, the appeal is not frivolous. We decline to award Gebre her fees on appeal.

CONCLUSION

Affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

_____
Coburn, J.

WE CONCUR:

_____
Feldman, J.

_____
Mann, J.